7122

BERLEY & KYZER v. COLUMBIA, NEWBERRY AND LAUR-
ENS R. R. CO.

1. CARRIER—FREIGHT.—Consignee of freight may recover total value of
freight as damages where he testifies it is so broken up as to be of
no value to him.

2. IBID.—IBID.—PAYMENT.—THE ACT, 24 STAT., 81, requires claims for
damages to freight to be presented to the agent at point of destina-
tion, but provides no place of payment. The carrier must then seek
the claimant and make payment within the time fixed by the statute
to prevent the penalty attaching. Carrier may relieve itself of hard-
ship of seeking claimant by requiring him to designate on the claim
the place where he desires payment made, and tender at that place
will relieve of the penalty.

Before DeVore, J., Lexington, June, 1908. Affirmed.

Action by Berley & Kyzer against Columbia, Newberry
and Laurens Railroad Company. From Circuit order
affirming judgment of Magistrate G. A. Derrick, defendant
appeals.

*Messrs. Wm. H. Lyles* and *E. L. Crag,* for appellant.
*Mr. Craig* cites: *Injured party must minimize damages:* 69
S. C., 539; 75 S. C., 361; 76 S. C., 305. *Consignee may
not abandon freight and demand value:* 38 S. C., 89.
*Claims are payable at office of destination:* 73 S. C., 71; 113
Mass., 320.

*Messrs. A. D. Martin* and *DePass & DePass,* contra.

April 9, 1909. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. The plaintiffs, on 15th November,
1906, filed with defendants agent at Irmo, a station on de-
fendant's railroad, a claim for one dollar and eighty-four
cents for fifty feet of iron piping, shipped from Columbia

and consigned to the plaintiffs at Irmo. This action was brought for the amount of the claim and the statutory penalty of fifty dollars for failure to adjust and pay the claim within forty days from the date of filing it with the defendant. The judgment of the magistrate for the amount of the claim and penalty was affirmed by the Circuit Court.

The defendant first submits the point that the plaintiff could not recover one dollar and eighty-four cents, the entire amount of the claim, because the evidence for the plaintiff shows that the entire value of the piping was only one dollar and eighty-four cents; that it was not lost but only injured, and that after the injury it was of some value. The plaintiff, Kyzer, testified the piping was so broken as to be of no value to him, though "it might have been worth something to somebody." This mere conjecture of value by the plaintiff does not warrant this Court in holding there was no evidence to support the judgment of the magistrate that the piping was a complete loss, especially when it is considered that Hook, defendant's agent at Irmo, testified the defendant admitted and allowed the whole claim after investigation.

The defendant next contends, the plaintiffs, at the expiration of the statutory period of forty days allowed to the defendant to adjust and pay the claim, should have applied to the defendant's agent at Irmo for payment of the claim, and that because of the failure of the plaintiff to do so this action for the penalty cannot be sustained. On this point Hook, the agent, testified: "Mr. Kyzer, nor Mr. Berley, has never been back to demand payment since the claim was filed. I would have paid Mr. Kyzer his claim in a week's time, if he had called for it; I have been willing to pay it since that time; I have never refused to pay it; I have tried to locate them by mail. About a year ago I notified him that I could pay them. I wrote to them twice. I addressed them at Lexington, S. C., some time since Christmas. I received a letter from Berley &

234    BERLEY & KYZER *v.* RAILROAD CO.

Kyzer, which asked me the date and amount of the claim in question. I replied to the letter. I received a second letter from Berley & Kyzer. This letter is lost; to the best of my knowledge I burned it." On 27th January, 1908, the agent sent a check through the mail for the amount of the claim, directing the letter to Lexington. S. C. On 8th February, 1908, the plaintiff returned the check, refusing to accept the amount of the claim without the penalty.

The general rule is, that when the creditor is in the State and no place of payment is fixed by law, or the contract of the parties, the debtor must find the creditor and tender payment. 2 Parsons on Contracts, 751, note; 22 Am. & Eng., 533; 30 Cyc., 1185; 86 Am. Dec., note, 520. The statute of 1903 (24 Stat., 81) requires that the claim shall be presented to the agent at the point of destination, but it does not provide for the place of payment. The obligation, therefore, is on the carrier to find the claimant and tender payment to him within the period fixed by the statute.

It was earnestly pressed at the argument that the application of this rule to claims against carriers would impose upon them an oppressive and unreasonable burden, on account of the difficulty of finding claimants who have no regular place of business or settled residence. But this hardship may be easily avoided. When a claim is presented we think the carrier has the right to require the claimant to indicate where he desires payment to be made; and, of course, tender within the statutory period at that place will prevent the penalty from attaching.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.