A. T. BAUCUM, Petitioner,

v.

The GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Respondent.

No. A–9502.

Supreme Court of Texas.

Oct. 2, 1963.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, for petitioner.

Strickland, Wilkins, Hall & Mills, Mission, for respondent.

CULVER, Justice.

The principal question presented by this appeal is whether or not respondent, The Great American Insurance Company of New York, made a valid tender under the terms of its automobile liability insurance policy so as to successfully halt the running of interest on the full amount of the judgment rendered against its insured, Jesus R. Hernandez.

On April 1, 1960, the petitioner, A. T. Baucum, obtained a judgment in the District Court of Cameron County, Texas, against Jesus R. Hernandez, d/b/a Rosary Floral and Nursery Company, and Jacinto Hernandez, jointly and severally, for the sum of $81,636, together with interest thereon from April 1, 1960, until paid at the rate of six per cent per annum, for personal injuries arising out of an automobile collision. This judgment was affirmed on appeal, (Hernandez v. Baucum, Tex.Civ.App., 344 S.W.2d 498), and has now become final, this Court having refused the application for writ of error, no reversible error, on May 24, 1961.

Baucum brought this action against insurer as liability insurance carrier on June 30, 1961, to recover the amount of that judgment to the extent of the limit of insurer's liability, plus interest on the full amount of the judgment from April 1, 1960, until paid, and all costs of court incurred in that cause. Insurer admits that it is liable under the terms of its policy in the sum of $25,000, together with all costs of court and interest on the entire judgment from April 1, 1960, to June 15, 1960. It denies, however, that it is liable for the interest on the judgment from June 15, 1960, contending that it made a valid tender on June 14, 1960, which halted the running of interest on that date. The trial court granted summary judgment for insurer and this has been affirmed by the Court of Civil Appeals. 364 S.W.2d 713.

The stated limit of insurer's policy is $25,000 for bodily injury liability to each person. The policy contains the following provision:

"II. Defense, Settlement, Supplementary Payments

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

* * * * * *

"(b) (2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has *paid or tendered or deposited in court* such part of such judgment as does not exceed the limits of the company's liability thereon;" (Emphasis added)

We have recently decided that this provision obligates the insurer to pay interest on the entire judgment until it has paid, tendered, or deposited in court the amount of its liability. Plasky v. Gulf Insurance Company, 160 Tex. 612, 335 S.W.2d 581.

It is undisputed that insurer has not paid or deposited in court its part of the judgment. The question here is whether insurer made a valid tender in June, 1960. We here answer that question in the negative.

On June 13, 1960, the attorney for the insurer wrote a letter to the District Clerk of Cameron County at Brownsville, Texas, to which was attached an instrument referred to as a draft and a copy of a "partial release". The amount of the draft was $26,008.17, which represented the liability of $25,000 plus interest on the entire judgment from April 1, 1960, to June 15, 1960. The letter stated that the District Clerk was authorized to release the draft to Baucum or his attorneys upon delivery to the Clerk of the original release duly executed by Baucum before a notary public. On the same day, he wrote to Baucum's attorneys at Harlingen, Texas, enclosing a copy of his letter to the Clerk and the original "par-

tial release". The letter stated that under its policy of automobile insurance issued to Jesus Hernandez, the insurer was obligated to pay the sum of $25,000 on the judgment together with interest on the entire judgment from April 1, 1960, to June 15, 1960. A copy of the letter to the District Clerk was also sent to Baucum at his residence in McAllen, Texas. Neither Baucum nor his attorneys ever replied to this letter nor have they sought delivery to them of the draft. It still remains in the custody of the District Clerk.

Baucum contends that insurer did not make a tender in compliance with the terms of the policy for the following reasons: because of the medium of tender; the delivery of the instrument to a third person who had no authority to receive such an instrument and was therefore acting merely as agent for insurer, at a different city from either the residence of Baucum or his attorneys; the lack of relinquishment of control over the instrument by insurer; the accompanying of the tender with conditions which the insurer had no right to impose or demand; the failure of insurer to include costs of court then accrued; and the inadequacy of the amount tendered.

■ A tender is an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum not less in amount than that due on a specified debt or obligation. Somerton State Bank v. Maxey, 22 Ariz. 365, 197 P. 892, 14 A.L.R. 1117; Walker v. Houston, 215 Cal. 742, 12 P.2d 952, 87 A.L.R. 937; Equitable Life Assur. Soc. of United States v. Boothe, 160 Or. 679, 86 P.2d 960. A valid and legal tender of money consists of the actual production of the funds and offer to pay the debt involved. The tenderer must relinquish possession of it for a sufficient time and under such circumstances as to enable the person to whom it is tendered, without special effort on his part, to acquire its possession. Universal Credit Company v. Cole, 146 S.W.2d 222, Tex.Civ.App.1940, no writ history.

The instrument in question here was "payable through First National Bank in Dallas" to the order of Baucum and his attorneys. The instrument recited on its face that it was in partial payment of the judgment rendered against the Hernandez Brothers. The instrument also contained other information, such as the claim number, policy number, date of loss, and names of the insured, claimant, insuring company, and agent. We assume that instrument was a check.

■ We agree with the proposition stated by the Court of Civil Appeals that when a tender is refused on other grounds one will not be heard later to complain of the medium of payment. However, Baucum gave no reasons for rejection. He merely maintained his silence. We disagree, however, with the Court of Civil Appeals that the insurer, by delivering the check or draft to the District Clerk, had thereby relinquished all control over the same. The draft was not received by the Clerk in his official capacity but rather as the agent of the insurer to deliver the check to Baucum when called for and the proper release had been executed. At any time before this should occur it would be the Clerk's obligation to deliver the papers back to the insured's attorney upon request.

The policy provided that the insurer could stop the running of interest by doing one of three things: by payment, by tender or by deposit in the registry of the Court. If the insurer had adopted either the first or the third mode, entire control would have been relinquished. The principal reason why the delivery of the check to the Clerk falls short of a compliance with the terms of the policy, is that it has never been actually tendered to Baucum or his attorneys. We believe the situation here would be no different if insurer had notified Baucum to come to the insurer's office, sign the release and a check for the full amount due would be delivered to him. Wardlaw v. Woodruff, 175 Ga. 515, 165 S.E. 557.

■ Where the contract authorizes payment or tender at a certain place such as a bank, the result of tender of payment there made is the same as if an actual tender had been made to the payee. Gulf Production Co. v. Perry, Tex.Civ.App., 51 S.W. 2d 1107, writ refused. Implicit in that decision therefore is the obligation to make the tender to Baucum or his attorneys in person since insurer was not authorized to do otherwise.

■ Silence on the part of the payee would not constitute a waiver of the elements of a valid tender. He is not required to accept or reject until a tender has been made. At common law where no place of payment is specified or fixed by law the rule is that the tenderer must seek the tenderee and make a tender to him if he can be found by the exercise of due diligence. Berley & Kyzer v. Columbia, N. & L. Ry. Co., 82 S.C. 232, 64 S.E. 397; Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590; Kingston v. Anderson, 3 Wash.2d 21, 99 P.2d 630

The argument is made that since it is the established custom of insurance companies and attorneys in this locality to discharge judgments by the issuance and delivery of drafts payable to the claimant and his attorneys or payable to the Clerk for disbursement, the action of the insurer in this case would satisfy the requirements of a valid tender. In our opinion the custom at best would only serve to render unnecessary the tender of the debt in money. The transaction here is not the mere satisfaction of a judgment but rather the satisfaction of insurer's liability in order to stop the running of the interest on the balance of the judgment.

While we are convinced that, had Baucum's attorneys proceeded to the Clerk's office and delivered the partial release, which incidentally the insurer had the right to demand, the check or draft would have been delivered by the Clerk and paid in due course, it is clear, however, that the law places no such burden on the petitioner.

The application of the rule does produce a harsh result since undoubtedly the insurer proceeded in good faith and might reasonably have anticipated that Baucum and his attorneys would accept the proposal made to them. Attorneys in their dealings with each other may normally expect a reply to a written communication and either an acceptance or rejection of an offer, but on the other hand these parties are not to be condemned at law for relying strictly on their legal rights.

We therefore hold that the petitioner is entitled to a judgment against the insurer for the sum of $25,000, plus interest on the judgment for $81,636 from the date of rendition until the date of payment and for all costs of court in both proceedings. The judgments of the trial court and Court of Civil Appeals are both reversed and the cause remanded to the District Court for the entry of a judgment in conformity with the views above expressed.