Cecil Otto **DUNN**, Appellant,

v.

Ben **LIGON** et al., Appellees.

No. 363.

Court of Civil Appeals of Texas.

Corpus Christi.

July 25, 1968.

Allison, Baker & White, Richard Bradshaw, Corpus Christi, for appellant.

Sorrell, Anderson & Porter, James R. Sorrell, Jr., Corpus Christi, for appellees.

OPINION

GREEN, Chief Justice.

This suit was brought as *No. 90,373–A* in the District Court of Nueces County by appellant Cecil Otto Dunn against Ben A. Ligon, District Clerk of Nueces County and Employers Mutual Insurance Company hereafter styled Insurer, praying that a writ of mandamus be issued to require the said district clerk to issue execution on a judgment dated April 6, 1966, recovered by appellant as cross-plaintiff in Cause *No. 87,642–B,* Employers Mutual Insurance Company v. Cecil Otto Dunn, in the 117th District Court of Nueces County, Texas. After trial to the court without a jury, appellant's prayer for the writ of mandamus was refused, and a take-nothing judgment was entered. This appeal is from such judgment.

Dunn secured a judgment on April 6, 1966, against Insurer in *No. 87,642–B,* for total and permanent disability in the amount of 401 weekly payments of $35.00 each, plus certain medical expenses. 30% of the recovery was awarded to plaintiff's lawyer as attorney's fees. At the time the judgment was entered a certain number of weekly payments had accrued and for this amount judgment was entered in a lump sum, the

balance to be paid $35.00 weekly. Dunn was granted "execution, and any and all other writs necessary and proper to recover the judgment granted herein." No motion for new trial was filed and no appeal was taken by Insurer, and the judgment became final thirty days after April 6, 1966. Rule 329–b, subd. 5.*

After the judgment was rendered in Cause No. 87,642–B Insurer on April 21, 1966 forwarded to Dunn and to his attorneys of record certain checks payable to the proper payees in satisfaction of the matured portion of the said judgment. Said checks were in the proper amounts, and the court found upon sufficient evidence that they would have been paid upon presentment to the drawee bank. However, these checks were not accepted by the judgment creditors, but were promptly returned to Insurer on April 25, 1966 with the written demand that all payments under the judgment be made in cash, or "the coin of the realm." After appellant's refusal to accept the checks, appellee Insurer sent the checks to appellee district clerk with a letter dated April 29, 1966 informing the clerk that the checks represented payment on the judgment, that they were being delivered unconditionally, and that they were to be held by the clerk for appellant and his attorney and that Insurer would continue to forward the weekly payments to him. A copy of said letter was mailed to appellant's attorney. On May 3, 1966, appellant's attorney wrote appellee district clerk requesting that he issue execution on the judgment when it would become final to the extent of the accrued payments. A copy of this letter was sent to Insurer's attorney and he on May 4, 1966 wrote the clerk with copy to appellant's attorney stating in part as follows:

"It is our position that payment has been made in that checks for those amounts were mailed to Mr. Allison, returned by him, and then deposited with you unconditionally so that nothing remains for Mr. Allison and his client to do but pick up the checks and process them through the bank.

We therefore request that no execution issue upon this judgment."

Confronted with these conflicting claims and requests, the district clerk on May 5, 1966 filed his application in the same Cause No. 87,642–B setting out the facts substantially as stated above and praying that the district court determine his responsibility with reference to the instruments received by him which were tendered as payment of the installments due on the judgment, and praying further that the Court issue an order for his guidance in the controversy. After a hearing before the Court in which appellees and appellant participated, the court on *May 17, 1966,* overruled appellant's plea to its jurisdiction, and entered its order in said Cause No. 87,642–B that the district clerk "shall issue no execution upon the judgment entered herein on the 6th day of April, 1966." Subsequent to the entry of this order, appellant took certain steps to appeal therefrom, but did not perfect same and in fact abandoned his attempts to appeal. Thereafter the clerk declined to issue an execution on the April 6th judgment, assigning as his reason the court's order of *May 17th* quoted above.

Insurer continued to send the weekly payments in the form of checks to the district clerk, and appellant continued to refuse to accept same as payment on the judgment. On *July 8, 1966,* appellant filed this suit No. 90,373–A in the district court alleging in substance the foregoing facts, none of which are in controversy, and seeking a writ of mandamus to require the issuance of execution on the accrued portion of the original judgment. This suit was tried to the court on *April 19, 1967,* the evidence consisting of stipulations and exhibits which form the statement of facts. As heretofore stated, the court denied appellant's request for the writ of mandamus.

---

* All references to rules are to Texas Rules of Civil Procedure.

The trial court found that the clerk declined to issue the writ of execution because of the order of *May 17, 1966,* supra. It concluded that it did not have jurisdiction over the proceedings in the mandamus suit; that plaintiff's action was a collateral attack on the order of *May 17th;* that such order was res adjudicata of the issues raised by plaintiff, and a bar to this action; and that plaintiff was estopped thereby to assert his claims; that the order of *May 17th* was valid, and that plaintiff's proper remedy had been by appeal therefrom. Its final conclusion of law was that no writ of mandamus should issue.

■ The appellant by appropriate points and subpoints attacks these conclusions of law, contending that the May 17, 1966 order of the trial court entered on the application of the appellee clerk in Cause No. 87,642–B more than 30 days after the entry of said judgment was void, and that it remains a nullity notwithstanding the absence of an appeal. We agree with this contention. Rule 329–b, subd. 5 provides that judgments become final after 30 days from the date of rendition of judgment or the date of an order overruling a motion for new trial, and that after the expiration of such period of 30 days, the judgment cannot be set aside except by bill of review for sufficient cause timely filed. No motion for new trial or bill of review having been filed, the judgment of April 6, 1966 in Cause No. 87,642–B became final on *May 7, 1966,* and the trial court was without jurisdiction to enter the order dated *May 17th* in that same cause that the clerk should issue no execution. Rule 329–b, subd. 5; Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148; Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823; Walker v. S & T Truck Lines, Inc., Tex.Civ.App., 409 S.W.2d 942 [2] wr. ref.; Cash v. Kosberg, Tex.Civ.App., 374 S.W.2d 773, writ ref. n. r. e.; Stonedale v. Stonedale, Tex.Civ.App., 401 S.W.2d 725. The order of *May 17th* was therefore a nullity and void, and remained void even in the absence of an appeal therefrom; and the fact that appellant may have had

the right to appeal but perfected no such appeal does not affect his right to have it treated as a nullity in this mandamus proceeding. Fulton v. Finch, supra.

We therefore hold that the trial court was in error in relying upon the *May 17th* court order as the basis for declining to issue the writ of mandamus.

■ The trial court had jurisdiction of the present Cause No. 90,373–A. Rules 627 provides that the clerk *shall* issue execution upon a judgment upon timely application of the successful party or his attorney, in the absence of a supersedeas bond. Mandamus lies to compel the clerk to perform the ministerial act of issuing execution. 37 Tex.Jur.2d, p. 685, Mandamus, § 50; Richburg v. Baldwin, Tex.Civ.App., 89 S.W.2d 851, wr. dism.; Kruegel v. Williams, Tex. Civ.App., 153 S.W. 903, wr. ref.

Appellant by his first point and the statement and argument thereunder contends that the trial court erred in refusing to grant his application for mandamus because the undisputed evidence, stipulations and the court's fact findings show that no valid legal tender of payment of the installments of the judgment which have become due has ever been made to appellant by appellee Insurer. We sustain this contention.

■ As stated by our Texas Supreme Court in Baucum v. Great American Insurance Company of New York, 370 S.W.2d 863, on p. 866:

"A tender is an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum not less in amount than that due on a specified debt or obligation. Somerton State Bank v. Maxey, 22 Ariz. 365, 197 P. 892, 14 A.L.R. 1117; Walker v. Houston, 215 Cal. 742, 12 P.2d 952, 87 A.L.R. 937; Equitable Life Assur. Soc. of United States v. Boothe, 160 Or. 679, 86 P.2d 960. A valid and legal tender of money consists of the actual production of the funds and offer to pay the debt involved. The tenderer must relinquish possession

of it for a sufficient time and under such circumstances as to enable the person to whom it is tendered, without special effort on his part, to acquire its possession. Universal Credit Company v. Cole, 146 S.W.2d 222, Tex.Civ.App.1940, no writ history."

See, also, Home Insurance Indemnity Company v. Gutierrez, Tex.Civ.App., 409 S.W.2d 450, 456, wr. ref. n. r. e.; Cornelius v. Cook, Tex.Civ.App., 213 S.W.2d 767.

When a tender is refused by the creditor on other grounds, he will not be heard later to complain of the medium of payment. *Baucum*, supra. In the present instance, however, Dunn, the appellant, refused from the very beginning and consistently thereafter to accept the checks and return them and insisted on being paid in current coin of the realm. Under such circumstances, there has been no valid and legal tender by Insurer of any of the sums owed by Insurer to Dunn.

Except for the first check for the amount of the weekly payments then accumulated, there was never any actual tender to appellant of any of the sums due. The district clerk was not the duly authorized agent of appellant to receive payments on his behalf. There was no provision in the judgment stating that delivery of the payments to the clerk would constitute payment of the weekly installments as they became due. The checks therefore were not received by the clerk in his official capacity, but rather as the agent of Insurer. See *Baucum*, supra, 370 S.W.2d p. 866, [5–6].

The court found that it is usual and customary in the insurance industry for the compensation carrier to pay compensation benefits by check, draft or means other than cash, and that appellee Insurer pay such benefits by check. It was further found as a fact that appellant and Insurer have had no prior dealings or transactions with each other besides those connected with this litigation. Such custom, as shown by the evidence and court findings, was entirely unilateral with Insurer, and was expressly and promptly repudiated by appellant, and under the circumstances of this case we do not believe it to be controlling as against the rules of legal tender above set forth.

As further stated in *Baucum*, supra, the application of the rule does produce a harsh result since undoubtedly Insurer proceeded in good faith and might reasonably have anticipated that Dunn and his lawyers would accept good, cashable checks. However, these parties are not to be condemned at law for relying strictly on their legal rights.

In view of what has been stated above, we reverse and remand this cause to the trial court with instructions that the amount due on said judgment in Cause No. 87,642–B including accrued interest to date of execution be duly calculated, and that appellee district clerk be instructed to proceed to issue writ of execution in accordance with the terms of law, provided no legal tender as same has been herein defined of such sum be therefore made by Insurer to the judgment creditors.

Reversed and remanded.