John W. VILBIG, Appellant,

v.

TRUMBLE STEEL ERECTORS, Appellee.

No. 8080.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 21, 1970.

J. R. Blumrosen, Lubbock, for appellant.

Bill Davis, Lubbock, for appellee.

JOY, Justice.

This appeal is taken from an order of the trial court overruling defendant John W. Vilbig's plea of privilege.

Trumble Steel Erectors entered into a written rental agreement with John W. Vilbig whereby Trumble leased a motor crane to Vilbig to be used in demolition work on the Capital Hotel owned by Lubbock National Bank and situated in Lubbock, Lubbock County, Texas. Vilbig was to pay as rental the sum of $4,000.00 per month, based upon a 40 hour week with additional use to be prorated on the same basis. The agreement also provided for replacement by Vilbig of the boom on the crane in the event of damage caused to the boom. Vilbig defaulted in the rental payment in the claimed amount of $2,337.50 and Trumble claimed damage to the boom. Trumble filed suit against Vilbig and the bank seeking the rental claimed due and owing, foreclosure of a mechanic's lien theretofore filed against the property and for $6,380.00 as cost of replacement of the boom. The mechanic's lien was filed only as to the amount of the claimed rental due. The bank answered the suit admitting moneys owed by the bank to Vilbig in excess of the rental claimed and further offered to pay into court the amount of $2,-

337.50 upon the release of the mechanic's lien by Trumble and dismissal of the bank from the suit. Vilbig filed a plea of privilege to be sued in Dallas County and Trumble filed a controverting plea. Hearing was had and this appeal was taken upon the trial court overruling the plea of privilege.

■■ Upon the hearing the counsel for the bank testified that he was willing to tender a cashier's check or, he "guessed", cash but admitted that no actual attempt had been made to tender the moneys to Trumble or into the court. Appellant Vilbig contends error in overruling the plea of privilege on the grounds that there was in reality only one defendant (Vilbig) and that was so because the controversy in reality was between Vilbig and Trumble upon the bank's pleading and offer of tender of the moneys. We do not agree with appellant. In Richey v. Stanley, Tex.Civ. App., 38 S.W.2d 1104 (n.w.h.) that court stated: "In order to make a valid tender of either money or chattels, the thing to be tendered must be *actually produced and offered* to the party entitled thereto, a mere offer to pay being insufficient; and the tenderer must place the money or property in such a position that his control over it is relinquished for a sufficient time to enable the tenderee, if he so desires, to reduce it to possession by merely reaching out and laying hold of the money or thing; and a person is not bound to say whether or not he will accept the money or thing until it is produced." (Emphasis ours.) Here it is undisputed that the bank has never produced and offered the cash moneys and at such time demanded a release of the lien and dismissal of the suit against the bank. The bank has only offered to tender which is not sufficient. We agree with the rule that the debtor that makes a tender (as opposed to an offer of tender) has a right to impose a condition that he is entitled to so make for his own protection. The tenderee has no duty to furnish a release upon the mere offer of a tender. The tenderer must make an actual tender of the cash.

As stated by the Supreme Court in Baucum v. Great American Insurance Company of New York, 370 S.W.2d 863, 867 (Tex.Sup.1963): "Silence on the part of the payee would not constitute a waiver of the elements of a valid tender. He is not required to accept or reject until a tender has been made. At common law where no place of payment is specified or fixed by law the rule is that the tenderer must seek the tenderee and make a tender to him if he can be found by the exercise of due diligence." (cases cited).

■ We hold that no valid tender having been made by the bank that the bank as owner of the property on which the mechanic's lien was placed and foreclosure of the lien asked by plaintiff was a necessary party to the suit at the time of filing of same. Venue is ordinarily determined by the facts as they exist at the time of the filing. 59 T.J.2d Sec. 4, Page 366. Holding as we do that the bank has only made an offer of tender instead of an actual tender, it is immaterial for purposes here as to what may or may not happen after a valid tender has been made. Venue is maintainable in Lubbock County under Art. 1995, Sec. 4, Vernon's Ann.Civ.St.

Affirmed.