**Allan PULLMAN, Individually and d/b/a Ash Development Corporation, Appellant,**

**v.**

**BRILL, BROOKS, POWELL & YOUNT, Appellee.**

**No. C14–87–468–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 23, 1988.

Wendell S. Loomis, Steven T. Roper, Houston, for appellant.

Randall C. Elkins, Candice E. Sayre, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This appeal is from a judgment for legal fees. At trial, the jury awarded the appellee fees for legal services rendered as well as attorney's fees incurred in bringing suit. On appeal, appellant raises the issues of (1) the legal and factual sufficiency of the evidence of the amount of attorney's fees, (2) the availability of an award of attorney's fees to a lawyer who represents himself, and (3) the constitutionality of predetermined attorney's fees on appeal. We affirm.

The pertinent facts indicate that in January 1984, appellant, Allan Pullman, met with Randall Elkins of appellee law firm Brill, Brooks, Powell & Yount. Appellant

indicated to Mr. Elkins that he wished to rapidly acquire certain real estate in Texas. Appellee law firm was retained by appellant and began to render legal services. The acquisitions proved complicated because the appellant lived out of state and the transaction involved numerous documents and meetings with interested parties.

While the legal services were being rendered, Brill, Brooks, Powell & Yount sent three statements to appellant. The total amount of the statements was $24,008.61. Appellant paid $12,500, leaving an outstanding balance of $11,508.61. Appellant failed to respond to a demand letter from appellee and thereafter appellee filed suit to collect the fees as well as attorney's fees for the cost of bringing suit.

■ In his first point of error, appellant argues there is no evidence to support the amount of attorney's fees awarded. A "no evidence" point must be preserved through one of the following procedural steps in the trial court: (1) a motion for instructed verdict; (2) a motion for judgment not withstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial. *Aero Energy, Inc. v. Circle C. Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985).

■ The record shows that the appellant made a motion for instructed verdict at the end of the appellee's case and also filed a motion for new trial. However, neither motion makes mention of the evidence being insufficient as a matter of law. Consequently, appellant waived its "no evidence" point of error. Point of error number one is overruled.

In his second and third points of error, appellant alleges the evidence as to attorney's fees is insufficient and against the great weight and preponderance of the evidence. Special issue number 7 was divided into four parts and answered by the jury as follows:

What sum of money, if any, do you find from a preponderance of the evidence to be a reasonable and necessary attorneys' fee for the services per-

formed by Elkins, Powell & Yount in connection with the following:

a) For legal services rendered in the preparation and trial of this cause in this court?
ANSWER: $10,842.45

b) For legal services rendered if this matter is appealed to the Court of Appeals?
ANSWER: $5,000

c) For legal services rendered if Application for Writ of Error is made to the Supreme Court of Texas?
ANSWER: $2,500

d) For legal services rendered if Application for Writ of Error made to the Supreme Court of Texas is granted?
ANSWER: $10,000

■ Technically, an appealing party should only allege a fact finding is "against the great weight and preponderance of the evidence" when that party had the burden of proof at trial. *Golden v. Murphy*, 611 S.W.2d 914, 916 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). However, the standard of review is identical for an "insufficient evidence" challenge and an "against the great weight" challenge. In either case, the court must examine and weigh all of the evidence, *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986), and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■ The amount of reasonable attorney's fees is a question of fact to be determined by the jury. *Jack Roach Ford v. De Urdanavia*, 659 S.W.2d 725 (Tex.App.—Houston [14th Dist.] 1983, no writ). However, this court is entitled to look at the record and determine whether the award is excessive by reviewing the testimony, the amount in controversy, the nature of the case, and the common knowledge and experience of the judges as lawyers and judges. *Argonaut Ins. Co. v. ABC Steel Products Co., Inc.*, 582 S.W.2d 883 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.).

Mr. Elkins testified to the work he had to do to start the litigation because of appellant's failure to respond to appellee's demand letter dated May 18, 1984. The work included preparing the petition, two motions for default judgment and the hearings thereon, and other pretrial motions. As Elkins testified for the purposes of part (a) of Special Issue No. 7, Brill, Brooks, Powell & Yount rendered $8,842.45 in fees and services through the first day of trial, and would incur additional fees at the rate of $125.00 per hour for the second day of trial which commenced at 9:00 a.m. and concluded at approximately 4:00 p.m. Elkins testified to his experience and familiarity with fees customarily charged for litigation in Harris County, Texas, and stated that the fees were reasonable in his opinion. Based on the uncontroverted testimony at trial, we find that the evidence was sufficient to support the jury's findings on special issues 7(a) through (c).

As to the award of attorney's fees in the event that writ of error to the Supreme Court of Texas is granted, we find $10,000 to be excessive and contrary to the evidence. In response to questioning from his own counsel, Elkins testified that a reasonable and necessary fee for appearing before the Supreme Court if Writ of Error were granted would be $1,500.

In light of the evidence, nature of the case, amount in controversy and our own experience as judges and lawyers, the award of $10,000 for attorney's fees in connection with an appearance before the State Supreme Court was excessive. Consequently, if appellee files in this court within fifteen days from the date of this opinion a remittitur of $5,000, we will reform the judgment and affirm. Otherwise, the judgment of the trial court, with respect to attorney's fees on appeal only, will be reversed and remanded. *See Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835 (1959).

In its fourth point of error, appellant asserts that appellee Brill, Brooks, Powell & Yount is not entitled to an award of attorney's fees because it represented itself in the suit to recover legal fees and did not retain outside counsel as required by statute. Section 38.002(1) of the Texas Civil Practice and Remedies Code states, in part:

To recover attorney's fees under this chapter:

(1) the claimant must be represented by an attorney[.] TEX.CIV.PRAC. & REM.CODE ANN. § 38.002(1) (formerly TEX.REV.CIV. STAT.ANN. art. 2226, repealed).

While it is true that a party must have retained an attorney to be eligible for attorney's fees, we are not persuaded by appellant's contention that an attorney who spends his own time to recover a legal fee should not be allowed to recover the reasonable value of that time. Furthermore, the record shows that although Mr. Elkins was with appellee Brill, Brooks, Powell & Yount at the time the suit for legal fees was brought, that firm dissolved shortly thereafter and was represented by the law firm of Elkins, Powell & Yount throughout the litigation. Appellee's fourth point of error is overruled.

In its final point of error, appellee asserts that the predetermined award of attorney's fees in the event of appeal is unconstitutional as a violation of due process, or as a limitation on the right to access to the courts. We are unpersuaded by these contentions.

The reasonableness of attorney's fees is a question of fact and, like any other cause of action, must be pleaded to entitle a recovery. *Johnson v. Universal Life & Acc. Ins. Co.*, 127 Tex. 435, 437, 94 S.W.2d 1145, 1146 (1936). Predetermined attorney's fees for appeals are routinely upheld by Texas courts. *See Lyons v. Montgomery*, 701 S.W.2d 641, 633–44 (Tex.1985); *Estate of Kaiser v. Gifford*, 692 S.W.2d 525, 527 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Houston Lighting & Power Company v. Dickinson Independent School District*, 641 S.W.2d 302, 310–11 (Tex.App.—Houston [4th Dist.] 1982, writ ref'd n.r.e.). We hold that the award of attorney's fees in the event of appeal was within the established jurisprudence of this State. Point of error five is overruled.

The judgment is affirmed subject to the remittitur.