Affirmed as Modified and Memorandum Opinion filed December 8, 2005









Affirmed as Modified and Memorandum Opinion filed December 8, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00750-CV

____________

 

RICHARD L. PAVLOW, Appellant

 

V.

 

SUSAN G. JENSEN, Appellee

 



 

On Appeal from the County
Court at Law No. 2

Galveston County, Texas

Trial Court Cause No. 51194

 



 

M E M O R A N D U M   O P I N I O N

Appellant Richard L. Pavlow appeals the
trial court=s grant of summary judgment in appellee
Susan G. Jensen=s favor. 
In the trial court, Jensen moved for summary judgment and sought
attorney=s fees, asserting
that she made a legal tender to Pavlow to satisfy a judgment he had obtained
against her, and that Pavlow refused that tender.  In five issues, Pavlow contends the trial
court erred because Jensen did not prove, as a matter of law, that she made a
legal tender to him, and because the trial court improperly awarded Jensen her
attorney=s fees.  We conditionally affirm the judgment as
modified upon remittitur of a portion of the attorney=s fees awarded.








I.        Factual Background

This appeal arose from Jensen=s attempt to
satisfy a previous judgment against her. 
In the original suit, Pavlow obtained a judgment against Jensen, who
then hired a lawyer to assist her in satisfying the judgment.  

In the first of two attempts to satisfy
the judgment, Jensen=s attorney sent a letter to Pavlow,
advising him that Jensen had deposited money into the law firm=s trust
account.  The letter informed Pavlow that
he could obtain a check from the law firm by coming to the office and signing a
release.  Pavlow refused to do so.  According to Jensen, in an e-mail response to
Jensen=s attorney, Pavlow
stated: AI don=t care about your
instructions, internal policies, or customary practices.@[1]  Pavlow also stated that he would not sign a
release unless Jensen=s attorney mailed the check to him at his
post office box and, even then, only after the check had cleared.  Some time after the first attempt to pay the
judgment failed, Pavlow filed abstracts of judgment against real property
Jensen owned in Galveston County and Dallas County. 

In the second attempt to satisfy the
judgment, Jensen=s attorney sent another letter to
Pavlow.  This letter informed Pavlow that
he could obtain a certified check from the clerk of the court in which Pavlow
filed his suit if he executed a release. 
Again, Pavlow refused. 

II.       Procedural
Background

After two failed attempts to satisfy the
judgment, Jensen filed suit against Pavlow. 
She sought an injunction to prevent Pavlow from filing any abstracts of
judgment against her property and a declaration that abstracts of judgments
Pavlow did file were Anull and void and of no effect.@  She also sought recovery of the attorney=s fees she had
incurred in her attempts to satisfy the previous judgment.  Pavlow answered with a general denial.

Jensen moved for summary judgment, which
the trial court granted.  The trial court=s judgment stated
that the trial court found that Jensen tendered the full amount of the judgment
due to Pavlow, and that Pavlow refused the tender.  The court also found that Jensen was entitled
to recover her attorney=s fees and costs.  Finally, the court declared that the
abstracts of judgment were void and of no effect.

On appeal, Pavlow raises five issues for
our review.  In his first three issues,
Pavlow argues that Jensen did not make a legal tender to him because: 1) Jensen
did not relinquish possession of or produce the funds to him; 2) Jensen
required him to travel to collect the funds; and 3) Jensen did not tender Amoney or cash.@  In his fourth issue, he argues that the trial
court should not have granted summary judgment awarding Jensen her attorney=s fees because his
controverting affidavit raised a fact issue on the reasonableness of those
fees.  In his final issue, Pavlow asserts
that no evidence supports the amount of attorney=s fees the trial
court awarded.  Pavlow does not appeal
that portion of the court=s judgment ordering that the abstracts of
judgment are void and of no effect.

III.      Legal
Tender








Jensen, as the party asserting a valid
tender, had the burden to prove that she made a legal tender to Pavlow.  See Church v. Rodriguez, 767 S.W.2d
898, 901 (Tex. App.CCorpus Christi 1989, no writ) (citing
cases); Rozelle v. First Nat=l Bank in Dallas, 535 S.W.2d 768,
771 (Tex. Civ. App.CWaco 1976, writ ref=d n.r.e.) (citing
cases).  A tender is Aan unconditional
offer . . . to pay another, in current coin of the realm, a sum not less in
amount than that due on a specified debt or obligation.@  Baucum v. Great Am. Ins. Co. of New
York, 370 S.W.2d 863, 866 (Tex. 1963); Fillion v. David Silvers Co.,
709 S.W.2d 240, 246 (Tex. App.CHouston [14th
Dist.] 1986, writ ref=d n.r.e.). 
To constitute a Avalid and legal tender,@ Jensen must have Arelinquish[ed]
possession . . . for a sufficient time and under such circumstances as to
enable [Pavlow], without special effort on his part, to acquire its possession.@  Baucum, 370 S.W.2d at 866 (citing Universal
Credit Co. v. Cole, 146 S.W.2d 222, 227 (Tex. Civ. App.CAmarillo 1940, no
writ)).  A[W]hen a tender is
refused on other grounds one will not be heard later to complain of the medium
of payment.@  Id.

A.      Standard
of Review

This is an appeal from a summary
judgment.  We apply a well-established
standard of review.  Jensen, as the
movant, has the burden to show that there are no genuine issues of material
fact, and that she is entitled to judgment as a matter of law. See KPMG Peat
Marwick v. Harrison County Housing Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  We take as true all evidence
favorable to Pavlow, the nonmovant, and we indulge every inference in his
favor.  See id.  In each of his first three issues, Pavlow
asserts that the trial court erred in granting summary judgment in Jensen=s favor because
Jensen has not established that she was entitled to judgment as a matter of
law.

In his first issue, Pavlow argues that
Jensen did not prove that she relinquished the funds.  In his second issue, Pavlow asserts that
Jensen did not prove that her attempts to satisfy the judgment were a legal
tender because Pavlow was required to travel before he could collect the
funds.  In his third issue, Pavlow
contends that Jensen did not prove that she made a legal tender because she did
not tender Amoney or cash@ to satisfy the
judgment.  Pavlow does not assert that Jensen tendered the wrong
amount.

B.      Issue
One: Jensen=s Relinquishment of the Funds to Pavlow








Pavlow initially asserts that, despite
Jensen=s two attempts to
satisfy the judgment, Ait is undisputed@ that Jensen never
relinquished the funds to him.  Pavlow
claims that Jensen never relinquished the funds because, at all times, the
funds remained with someone who was acting as Jensen=s agent.  With respect to the first attempt, Pavlow
suggests that Jensen never relinquished the funds to him because Jensen=s attorney, acting
as her agent, maintained possession and control of the funds.  See Baucum, 370 S.W.2d at 866
(stating that a valid and legal tender requires the tenderer to relinquish
possession).  And with respect to the
second attempt, Pavlow argues that turning the funds over to the court clerk
did not constitute a relinquishment of the funds to him because the court clerk
was acting as Jensen=s agent, and not in the clerk=s official
capacity, when the clerk agreed to deliver the check to Pavlow after he signed
a release.  See id. (stating that
delivery of the check to the district clerk, acting as the agent of the
tenderer to deliver the check rather than in an official capacity, was not a
relinquishment of all control); Dunn v. Ligon, 430 S.W.2d 704, 708 (Tex.
Civ. App.CCorpus Christi 1968, no writ) (holding
there was no actual tender of payments because district clerk was not the Aduly authorized
agent@ of the insured to
receive payments on his behalf).  Pavlow
argues that the court=s clerk was not authorized to act as his
agent and, therefore, could not accept the funds on his behalf. 

However, we find the circumstances of this
case distinguishable from those in Baucum and Dunn.  In Baucum, the insured obtained a
judgment against his insurance company. 
The insurance policy at issue authorized only three methods by which the
insurance company could stop the running of interest on the insured=s judgment: 1) by
payment; 2) by tender; or 3) by deposit into the registry of the court.  Baucum, 370 S.W.2d at 866.  When the parties contractually agreed that a
judgment could only be satisfied in three particular ways, the Texas Supreme
Court stated:

Where the contract
authorizes payment of tender at a certain place . . . the result of tender of
payment there made is the same as if an actual tender had been made to the
payee. . . . Implicit in that decision therefore is the obligation to make the
tender to [the insured] or his attorneys in person since [the insurance
company] was not authorized to do otherwise.








Id. at 867.  The Baucum
court also explained that A[t]he principal
reason why the delivery of the check to the Clerk falls short of a compliance
with the terms of the policy, is that it has never been actually tendered to
Baucum or his attorneys.@  Id.
at 866.  In Dunn, the court held
there was no actual tender when the appellant rejected an insurer=s attempts to pay
a judgment by checks to appellant and appellant=s attorneys, as
well as to the district clerk, because the appellant consistently insisted on
being paid in cash.  Dunn, 430
S.W.2d at 707B08.

In this case, the judgment did not specify
a particular place for payment. 
Therefore, under the common law rule, Jensen was required to seek out
Pavlow to make a tender to him if he could be found in the exercise of
reasonable diligence.  See Baucum,
370 S.W.2d at 867; Vilbig v. Trumble Steel Erectors, 464 S.W.2d 676, 677
(Tex. Civ. App.CAmarillo 1970, no writ) (citing Baucum,
370 S.W.2d at 867).  In these
circumstances, however, Jensen could do only so much to seek out Pavlow in the
exercise of reasonable diligence, because Pavlow himself offered no avenue for
personal contact for a tender to take place. 
Both times Jensen=s attorney tried to pay the judgment, the
only way Pavlow could be contacted was by e-mail or post office box, and the
record does not reflect that Pavlow had an attorney who could have been
contacted alternatively.  Furthermore,
Pavlow had placed liens on Jensen=s property, and so
she was entitled to obtain a release. 
But, because Pavlow was apparently acting pro se and had no address at
which he could be physically found, there was no way for Jensen to obtain the
release she sought when the judgment was paid, because there was no place where
the necessary interaction with Pavlow could occur so that the payment could be
exchanged for the release.

Under these circumstances, Jensen=s attempts to pay
the judgment were reasonable efforts to relinquish possession of the funds for
a sufficient time and under such circumstances as to enable Pavlow, without
special effort on his part, to acquire them. 
Cf. Baucum, 370 S.W.2d at 866 (noting appellant complained
that district clerk was acting as appellee=s agent at a
different city from either appellant=s residence or his
attorneys= offices). 
Indeed, Pavlow himself does not suggest any alternative address at which
an exchange could have been made, or that he had an authorized agent who could
have received the funds for him.  Pavlow=s complaint in
this issue is that Jensen did not search him out and place the funds in his
hands, but Pavlow provided Jensen no reasonable opportunity to do this.  








We therefore overrule Pavlow=s first issue.

C.      Issue
Two:  Requirement that Pavlow Travel

In Pavlow=s second issue, he
contends that Jensen did not prove that she made a legal tender because her
efforts to satisfy the judgment required that he travel, either to Jensen=s attorney=s office or to the
trial court clerk=s office.

As discussed above, the only way Jensen
was able to communicate with Pavlow about paying the judgment was through mail
and e-mail, and Pavlow had no attorney or other agent to receive the payment
for him.  In order to make the payment
and obtain the release, Jensen asked Pavlow to pick up the check at his
convenience, either from her attorney=s office or from
the clerk of the court in which Pavlow originally filed suit.  A legal tender requires that Jensen Aenable [Pavlow],
without special effort on his part,@ to Aacquire its
possession.@  Baucum,
370 S.W.2d at 866.  We conclude that, in
the absence of any alternative that would accomplish the concurrent goals of
paying Pavlow and obtaining the release from him, requiring Pavlow to travel to
Jensen=s attorney=s office or to the
same courthouse where he filed his lawsuit in order to pick up Jensen=s check did not
require special effort on his part.

We therefore overrule Pavlow=s second issue.

D.      Issue
Three:  Requirement of AMoney or Cash@

In his third issue, Pavlow asserts that
Jensen failed to provide a legal tender to him because she provided him with a
check rather than money.  We reject this
contention.  








A party cannot complain later about the
form of tender when that complaint is not made initially.  See Baucum, 370 S.W.2d at 866; Dunn,
430 S.W.2d at 708.  When Jensen=s attorney
initially offered a check from the firm=s trust account,
Pavlow rejected this offer.  At that
time, Pavlow did not object to being paid by a check, nor did he reject the
offer without giving a reason.  See
Baucum, 370 S.W.2d at 866, 867 (stating that, in order to complain about
the medium of tender, that objection must be made initially, but also
emphasizing that silence does not constitute a waiver of the elements of a
valid tender).  Instead, Pavlow objected
to the simultaneous exchange of his signature on a release for the check.  In response to Jensen=s motion for
summary judgment, Pavlow swore in an affidavit that he would have accepted a
check, but would not have signed the release until after the check
cleared his bank.  When Jensen=s attorney later
left a cashier=s check with the court clerk, Pavlow again
refused to accept the check.  Pavlow did
not object to the form of payment, but rather to the location where Jensen left
the check (at the courthouse), and the person with whom Jensen left it (the
court=s clerk).  

We conclude that Pavlow=s initial
complaint was not about the medium of Jensen=s tender.  Therefore, he cannot complain about Jensen=s decision to pay
him by check, rather than money, on appeal. 
See Baucum, 370 S.W.2d at 866; Littlejohn v. Johnson, 332
S.W.2d 439, 441 (Tex. Civ. App.CWaco 1960, no
writ) (holding that appellant waived any objection to medium of tender when
initial objection was not to payment by check, but to inclusion of his attorney=s name on the check);
Bayless v. Strahan, 182 S.W.2d 262, 264 (Tex. Civ. App.CAmarillo 1944,
writ ref=d w.o.m.) (holding
that appellant waived strict legal tender when his initial rejection was based
upon the requirement that he prepare and execute a release).  

Moreover, the second time Jensen attempted
to pay Pavlow, she did so by cashier=s check.  A cashier=s check is the functional
equivalent of cash.  See Humble Nat=l Bank v. DCV,
Inc., 933 S.W.2d 224, 238 (Tex. App.CHouston [14th
Dist.] 1996, writ denied); Angelo v. Chem. Bank and Trust Co., 529 S.W.2d
783, 786 (Tex. Civ. App.CDallas 1975, writ dism=d).  When Jensen tendered a cashier=s check, she was
in effect tendering cash.

We therefore overrule Pavlow=s third issue. 

IV.      Attorney=s Fees

In his remaining two issues, Pavlow
challenges the trial court=s award of
attorney=s fees to
Jensen.  In his fourth point of error,
Pavlow asserts that Jensen=s attorney=s fees were not
reasonable, and in his fifth, that no evidence supports the amount of attorney=s fees that the
trial court awarded.  








A.      Standard
of Review

We apply the standard of review to an
award of attorney=s fees under the Declaratory Judgments Act
as the Texas Supreme Court described it in Bocquet v. Herring:

In sum, then, the
Declaratory Judgments Act entrusts attorney fee awards to the trial court=s sound
discretion, subject to the requirements that any fees awarded be reasonable and
necessary, which are matters of fact, and to the additional requirements that
fees be equitable and just, which are matters of law.  It is an abuse of discretion for a trial
court to rule arbitrarily, unreasonably, or without regard to guiding legal
principles . . . or to rule without supporting evidence . . . . Therefore, in
reviewing an attorney fee award under the Act, the court of appeals must
determine whether the trial court abused its discretion by awarding fees when
there was insufficient evidence that the fees were reasonable and necessary, or
when the award was inequitable or unjust.

972 S.W.2d 19, 21 (Tex. 1998).  Because Pavlow challenges the reasonableness
of the fees, and the evidence to support the award, we apply an
abuse-of-discretion standard.[2]  See id.

B.      Evidence
of Attorney=s Fees








Jensen=s motion for
summary judgment contained one attorney=s affidavit and
another attorney=s verification.  In the affidavit, attorney McConnico stated
that he was Jensen=s attorney, and that he was licensed to
practice law in Texas.  He also refers to
an attached bill for services rendered, which the parties agree reflected the
amount of $4,429.00.[3]  In the verification, attorney Qualline stated
that he was licensed to practice law in Texas, and was board certified.  Additionally, he stated that he had reviewed
the legal work done by attorney McConnico, as well as attorney McConnico=s bill.  He concluded that, in his opinion, the
services were necessary and the charges were reasonable.  

Pavlow=s response to
Jensen=s motion for
summary judgment contained an attorney=s controverting
affidavit.  In its entirety, this
affidavit stated:

I, Keith Gross, am
a capable person to make this affidavit. 
I have never been convicted of a felony in Texas or in any other
state.  I am licensed to practice law in
the state of Texas.  I am in good
standing with the State Bar.  I have
reviewed the Plaintiff=s pleadings and request for attorney[=]s fees.  The attorney[=]s fees requested
are not reasonable nor [sic] necessary.

Jensen specially excepted to this affidavit on the
ground that attorney Gross=s statements were
not competent summary judgment evidence. 
Jensen asserted that the statements were Amerely legal conclusions.@  Jensen also objected to attorney Gross=s failure to state
his Aqualifications,
the facts upon which his opinion is based and the reasoning on which opinions
are based.@ 
The record does not reflect the trial court=s ruling, if any,
on Jensen=s special exceptions.[4]  

In its final judgment, the trial court awarded
Jensen attorney=s fees in the amount of $7,366.50.[5]  

 








C.      Issue
Four:  Reasonableness of Attorney=s Fees

In his fourth issue on appeal, Pavlow
asserts that the trial court erred in granting Jensen=s motion for
summary judgment because attorney Gross=s affidavit raised
a material issue of fact on the reasonableness of Jensen=s attorney=s fees.  We disagree. 


To be competent summary judgment evidence,
an affidavit must be based on personal knowledge, set forth facts that would be
admissible in evidence, and affirmatively show the affiant=s competence to
testify as to the matters stated therein. 
Tex. R. Civ. P. 166a(f).  Affidavits containing conclusory statements
that are unsupported by facts are not competent summary judgment evidence.  Skelton v. Comm=n for Lawyer
Discipline, 56 S.W.3d 687, 692 (Tex. App.CHouston [14th
Dist.] 2001, no pet.); see also Brown v. Brown, 145 S.W.3d 745, 751
(Tex. App.CDallas 2004, pet. denied) (AA conclusory
statement is one that does not provide the underlying facts to support the
conclusion.@) (citing Choctaw Props., L.L.C. v.
Aledo Indep. Sch. Dist., 127 S.W.3d 235, 242 (Tex. App.CWaco 2003, no
pet)).








Pavlow=s controverting
affidavit was not competent summary judgment evidence because it contained no
factual support for attorney Gross=s opinion that
Jensen=s attorney=s fees were
unreasonable.[6]  See Tex.
R. Civ. P. 166a(f); Skelton, 56 S.W.3d at 692; see also Mercer
v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984) (AA legal conclusion
in an affidavit is insufficient to raise an issue of fact in response to a
motion for summary judgment. . . .@) (citing Brownlee
v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)); Basin Credit Consultants,
Inc. v. Obregon, 2 S.W.3d 372, 373 (Tex. App.CSan Antonio 1999,
pet. denied) (AAn affidavit filed by non-movant=s counsel that
simply criticizes the fees sought by the movant as
unreasonable without setting forth the affiant=s qualifications
or the basis for his opinion will not be sufficient to defeat summary judgment.@) (citing Querner
Truck Lines, Inc. v. Alta Verde Indus., Inc., 747 S.W.2d 464, 469 (Tex.
App.CSan Antonio 1988,
no writ)); Houston v. Houston, No. 13-02-00142-CV, 2004 WL 351850, *5
(Tex. App.CCorpus Christi Feb. 26, 2004, no pet.)
(not designated for publication) (noting that non-movant=s attorney=s affidavit did
not state that movant=s attorney=s hourly fee was
unreasonable, nor identify unnecessary billable time, and stating affidavit was
conclusory) (citing Karen Corp. v. Burlington N. & Sante Fe R.R. Co.,
107 S.W.3d 118, 126 (Tex. App.CFort Worth 2003,
pet. denied)).   Pavlow did not produce
any other summary judgment evidence on attorney=s fees.  

We therefore overrule Pavlow=s fourth issue.

D.      Issue
Five:  Amount of Attorney=s Fees

In his final issue, Pavlow asserts that
the evidence does not support the amount of attorney=s fees that the
trial court awarded.  In her briefing to
this Court, Jensen has not disagreed.[7]  The only evidence apparently adducedCJensen=s attorney=s bill for
services renderedCreflects that his fees were
$4,429.00.  We have reviewed the entire
record, but find no evidence to support the trial court=s award of
$7,366.50.  Accordingly, we find that the
evidence is insufficient, and sustain Pavlow=s fifth
issue.  Our Texas Supreme Court addressed
this situation in Bocquet, stating: A[I]f the
[appellate] court finds the evidence insufficient, it may affirm conditioned on
a remittitur or remand for further proceedings.@  Bocquet, 972 S.W.2d at 21. 








If within fifteen days of the date of this
opinion, Jensen files a remittitur in this Court with respect to the excess
$2,937.50, we will reform the trial court=s judgment
accordingly and, as reformed, affirm the judgment.  See id.; Pullman v. Brill, Brooks,
Powell, & Yount, 766 S.W.2d 527, 530 (Tex. App.CHouston [14th
Dist.] 1988, no writ) (conditioning affirmance of judgment, as reformed, upon
appellee=s remittitur of
attorney=s fees that were
not supported by the evidence); Reeves v. Ultra Realty Co., No.
05-99-01144-CV, 2000 WL 1015970, *12 (Tex. App.CDallas July 25,
2000, no pet.) (not designated for publication) (same).  

If Jensen does not file the suggested
remittitur, we will reverse the portion of the judgment awarding attorney=s fees and remand
that portion of the case to the trial court to make an appropriate
determination of attorney=s fees. 
See Bocquet, 972 S.W.2d at 21 (stating that, if the evidence does
not support the attorney=s fee award, then the appellate court may
remand the case to the trial court for further proceedings); Pullman,
766 S.W.2d at 530 (stating that the court would reverse the portion of the
judgment awarding attorney=s fees not
supported by the evidence if suggestion of remittitur was not followed); Reeves,
2000 WL 1015970, at *12 (same); see Tex.
R. App. P. 46.3.

V.      Conclusion

The judgment of the trial court is
affirmed on condition of remittitur as to attorney=s fees.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed December 8, 2005.

Panel
consists of Justices Fowler, Frost, and Guzman.











[1]  The clerk=s record of Jensen=s motion
for summary judgment, which is the subject of this appeal, does not contain the
exhibits to the motion.  This Court
ordered the Galveston County District Clerk to file a supplemental clerk=s record containing the exhibits, or, if the omitted
exhibits were not a part of the file, to provide a certified statement to that
effect.  In response, the county clerk
provided a statement that the exhibits were not attached to the motion for
summary judgment that was filed, but that exhibits were attached to the
plaintiff=s original petition, which was a part of the clerk=s file.  Some of
the exhibits referenced in Jensen=s motion
do appear to correspond with the exhibits attached to her petition, but they do
not reflect the same exhibit numbers; other exhibits referenced in the motion
are not attached to the petition, including a copy of Pavlow=s alleged e-mail response.  However, Pavlow does not complain that the
exhibits are not in the record or otherwise dispute the evidence (with the
exception of Jensen=s evidence of attorney=s fees,
which we address separately); therefore, we will address Pavlow=s issues as he presents them. 





[2]  We acknowledge
this Court=s statement in Rasmusson, a fraud and
breach-of-contract case, in which we noted the lack of authority for applying
an abuse-of-discretion standard in the summary judgment context.  Rasmusson v. LBC PetroUnited, Inc., 124
S.W.3d 283, 289 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).  However, that case did not address the
appropriate standard of review to apply to an award of attorney=s fees under the Declaratory Judgments ActCwhich is the precise issue that the Texas Supreme
Court addressed in Bocquet.  See
id. at 284B86 (describing case=s
procedural posture as an appeal from a summary judgment in a claim for attorney=s fees that arose from fraud and breach of contract
actions).  Because the Texas Supreme
Court has instructed appellate courts on the appropriate standard of review for
attorney=s fees awarded under the Declaratory Judgments Act, we
will apply that standard.  See Bocquet,
972 S.W.2d at 21.  Even if we applied the
usual summary judgment standard of review to this case, we would reach the same
conclusion: in the absence of competent summary judgment proof by Pavlow,
Jensen established her entitlement to attorney=s fees
in the amount of $4,429.00 as a matter of law, but did not establish, as a
matter of law, her entitlement to attorney=s fees
in the amount of $7,366.50.





[3]  The record
does not contain the bill for services submitted by Jensen=s attorney, but Pavlow acknowledges that Jensen sought
attorney=s fees in the amount of $4,429.00.  Moreover, in his prayer for relief, Pavlow
does not contend that the evidence is insufficient to support any award of
attorney=s fees; instead, he requests that, if this Court
affirms the trial court on the issues of legal tender and the reasonableness of
the attorney=s fees, the court reform the judgment to reflect the
amount of $4,429.00.





[4]  Jensen=s objection that attorney Gross=s affidavit is conclusory was an objection to the
affidavit=s substance; as such, the lack of a ruling does not
preclude us from addressing this contention on appeal.  See Hou-Tex, Inc. v. Landmark Graphics,
26 S.W.3d 103, 112 (Tex. App.CHouston [14th Dist.] 2000, no pet.).





[5]  This is the
same amount that Jensen requested in her First Amended Original Petition.





[6]  We distinguish
this situation from Owen Electric Supply, Inc. v. Brite Day Constr., Inc.,
821 S.W.2d 283 (Tex. App.CHouston [1st Dist.] 1991, writ denied), upon which
Pavlow relies.  In that case, the court
acknowledged that a non-movant=s attorney=s
affidavit contesting the reasonableness of the movant=s attorney=s fees
created a fact issue.  Id. at 288
(citing Tesoro Petroleum Corp. v. Coastal Refining & Marketing, Inc., 754
S.W.2d 764, 767 (Tex. App.CHouston [1st Dist.] 1986, no writ)).  However, in that case, the attorneys= affidavits only addressed the reasonableness of their
own fees, and not any alleged unreasonableness of the opposing party=s attorney=s
fees.  Id.  We also distinguish this case from cases like
Tesoro,  754 S.W.2d at 766.  In that case, the non-movant=s attorney=s
affidavit supported his conclusion that the movant=s attorney=s fees
were unreasonable because he stated that he had been personally involved in the
defense of the case, and that the movant=s
attorney had not itemized the bill to reflect the services performed, the hours
expended, nor the hourly rate.   Id.  In this case, Pavlow=s attorney provides no facts to support his conclusion
that Jensen=s attorney=s fees
were unreasonable. 





[7]  Jensen=s briefing addresses only the conclusory nature of
Pavlow=s controverting affidavit, suggesting that the trial
court did not err in finding that Jensen=s
requested attorney=s fees were reasonable.