**Jack KELSO, Appellant,**

v.

**The RELIABLE LIFE INSURANCE COMPANY, Appellee.**

**No. 13–82–184–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 27, 1983.

Clyde J. Jackson, Jr., Corpus Christi, for appellant.

Andrew J. Lehrman, Sorrell, Anderson & Sorrell, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellant, the Honorable Jack Kelso, sued appellee, *Reliable Life* Insurance Company, to collect on a check on which it had stopped payment. The trial court granted appellant a summary judgment for the face amount of the check plus interest, but refused to award attorney's fees and denied appellant's request for a jury trial on that issue. Appellant brings error on the trial court's action in denying attorney's fees. No limitation of appeal was filed. Appellee has perfected cross-points complaining of the trial court's granting of appellant's motion for summary judgment.

According to appellant's supporting affidavit, appellant is a Corpus Christi attorney who was hired to represent a Mr. Catarino Rodriguez in a divorce action. During the pendency of such action, Rodriguez applied to the appellee for a loan against his life insurance policy. The insurance company agreed to the loan and issued a check payable to Rodriguez in the amount of $590.39. The check was mailed to Rodriguez at his residence in Corpus Christi from appellee's home office in Missouri. According to appellee's summary judgment proof, shortly after the check was mailed, an agent employed by the appellee was advised by Rodriguez' wife that she and Rodriguez were separated and in the process of getting a divorce. Mrs. Rodriguez told the agent that she had taken the check in question from the payee's mailbox and that she did not intend to give it back because she felt she was entitled to half of the proceeds as community property. When this information was relayed to appellee, it stopped payment on the check.

The affidavit of the appellee's Corpus Christi agent states that sometime after he informed the appellee of the nondelivery of the check and the claim of the payee's wife, the appellant telephoned him to discuss the matter, identifying himself as the attorney for Mr. Rodriguez.

According to the appellant, he got Rodriguez and his wife together and persuaded them each to accept half the proceeds of the loan. Mrs. Rodriguez allegedly surrendered the draft to Rodriguez for endorsement to the appellant. The appellant then issued to each of the Rodriguezes a personal check for half the amount of the draft in question. The drawee bank returned the insurance company's check because of the stop-payment order. Appellant then made demand for payment upon the appellee.

In his demand letter to the appellee, appellant indicated that both Rodriguez and his wife had endorsed the check over to him. In fact, the check bore only the endorsement of the husband, "Catarino Rodriguez," the payee on the check. Appellee responded to appellant's demand letter with

a letter informing him of the reason for stopping payment and offering to issue a new check in appellant's name in exchange for a statement that the proceeds were not in dispute in the Rodriguez divorce. Appellant decided instead to file the present lawsuit.

The record indicates that appellant filed his original petition to which appellee answered. Appellant then filed a motion for summary judgment. Appellee responded. After appellant filed its first amended original petition, appellee made an unqualified tender of the full amount of the check ($590.39) into the registry of the court. Shortly thereafter, appellant withdrew the $590.39 from the registry of the court without qualification. The trial court granted appellant his summary judgment, but denied him attorney's fees.

■ In summary judgment cases, the movant has the burden of showing that there is no genuine issue of any material fact and that he is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A(c); *Town North National Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The evidence must be viewed in the light most favorable to the nonmovant, with every reasonable inference indulged and all doubts resolved in its favor. *Dixon v. Shirley,* 558 S.W.2d 112, 116 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Evidence favorable to the nonmovant must be taken as true. *Dixon v. Shirley; Brown v. Aetna Casualty & Surety Co.,* 366 S.W.2d 673 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.).

Appellant's rights in the draft in question must be defined by his relationship thereto. The summary judgment evidence shows the appellant had the draft in his possession and that it was endorsed by Rodriguez and Kelso. As such, he is undisputedly a "holder" under the law of this state. Tex.Bus. & Com.Code Ann. § 1.201(20) (Vernon 1968). The question then becomes whether or not appellant was a "holder in due course" as a matter of law.

■ A holder in due course is a holder who takes an instrument 1) for value; and 2) in good faith; and 3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. Tex.Bus. & Com.Code Ann. § 3.302 (Vernon 1968). A holder in due course takes the instrument free from all claims to it on the part of any person and all defenses of any party to the instrument with whom he has not dealt except for certain ones which have not been pled in this lawsuit. Tex.Bus. & Com.Code Ann. § 3.305 (Vernon 1968). One who is not a holder in due course takes subject to all valid claims to the instrument on the part of any person, and a number of defenses, including nondelivery and the defense that the person through whom he holds the instrument acquired it by theft. Tex.Bus. & Com.Code Ann. § 3.306 (Vernon 1968).

■ The summary judgment evidence shows that the appellant had knowledge that the check in question was not property delivered to the payee and that the payee's wife asserted a community property claim to a portion of the funds represented by the draft. As such, there was a material fact issue as to whether or not the appellant had acquired the status of a holder in due course. If he is not a holder in due course, appellant is not entitled to judgment as a matter of law. Therefore, it is apparent that the trial court erred in granting the appellant a summary judgment. Appellee's cross-points one through five are sustained.

■ Appellant, in his first and second points of error, claims that the trial court erred in denying his request for attorney's fees based upon a written contract under TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1982–1983) and in denying him a jury trial on the issue of attorney's fees. When a party is entitled to attorney fees, such issue must be passed upon by the trier of facts. The appellate court reviews the determination in the same manner it reviews any law or fact finding made by the court. *International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347 (Tex. 1971).

Since the summary judgment granted was improper, any discussion by us of appellant's entitlement to attorney's fees would be advisory. See: *Corpus Christi Development Corp. v. Carlton,* 644 S.W.2d 521 (Tex.App.—Corpus Christi 1982, no writ). Appellant's first and second points of error are overruled.

The judgment of the trial court is reversed, and the case is remanded to the trial court.