736 S.W.2d 782 (1987)
Sergio ARGUELLES, Appellant,
v.
Leonard S. KAPLAN, Appellee.
No. 13-86-374-CV.
Court of Appeals of Texas, Corpus Christi.
June 30, 1987.
Rehearing Denied August 28, 1987.
*783 Joel William Ellis, Harlingen, for appellant.
Ted Campagnolo, Brownsville, for appellee.
Before NYE, C.J., and DORSEY and KENNEDY, JJ.

OPINION
DORSEY, Justice.
This appeal is from a suit on a note to which the defense of usury was asserted. The trial court after trial without a jury, entered judgment against appellant/maker on the note after deducting a penalty for usury. Both parties filed motions for new trial and appeal from the judgment. Appellant relies on a tender of a deed to reduce his liability to appellee. We affirm in part and reverse and remand in part.
On August 20, 1980, Sergio Arguelles, appellant, executed a promissory note payable to Leonard S. Kaplan, appellee, in the amount of $65,000.00 payable by February 1, 1981. If paid when due, no interest was charged. The note further provided that if not paid when due, it would bear interest at the rate of fifteen percent (15%) per annum.
Appellant failed to pay the note at maturity. On May 12, 1981, he prepared, signed, and sent a new note to Kaplan in the same principal amount, $65,000.00, but with interest set at ten percent (10%) per annum. Whether this note was accepted or rejected by appellee and whether it took the place of the first note was contested by the parties. At some time after maturity, appellant paid $7,500.00 to appellee, leaving a balance of $57,500.00. Appellee apparently agreed that he would accept a parcel of land in full satisfaction of the unpaid balance of the note. On August 26, 1981, appellant delivered a deed to a title company to be held in escrow and delivered to appellee upon receipt of the original note marked "paid in full." On or before September 14, 1981, appellant retrieved the deed and sold the property to someone else. Appellee sued on the note. Judgment was awarded the appellee, Kaplan, in the amount of $42,804.81 after allowing an offset *784 for usurious interest. Findings of fact and conclusions of law were filed.
By his first point of error appellant alleges the trial court erred in failing to hold that all interest ceased to accumulate in September, 1981, because he tendered a deed in payment of the note. By his second point, appellant contends that because interest ceased to accrue after the deed was tendered, he owes appellee only $16,417.82 rather than the $42,804.81 awarded by the trial court. Both points of error are predicated upon valid legal tender being made.
The effect of a tender of an amount owed is that it stops the accrual of interest on the debt. J.M. Hollis Construction Co., Inc. v. Paul Durham Co., 641 S.W.2d 354 (Tex.App.Corpus Christi 1982, no writ). Tender is an unconditional offer by a debtor to pay, in the correct coin of the realm, a sum not less than the amount due on a debt or obligation. Baucum v. Great American Insurance Co., 370 S.W.2d 863 (Tex.1963). Absent an agreement to the contrary, tender of payment in a medium other than provided in the note will not constitute valid legal tender. Home Insurance Indemnity Co. v. Gutierrez, 409 S.W.2d 450 (Tex.Civ.App. Corpus Christi 1966, writ ref'd n.r.e.). The usual application of the rule is when a check or draft is substituted for currency.
There is no complaint here that the purported tender was made in an incorrect medium; i.e., land instead of money. Although there was no express finding that the appellee agreed to accept a deed to land in lieu of payment, the uncontroverted evidence is that such an agreement existed. The trial court found that on August 26, appellant delivered a deed conveying title to the particular parcel of property earlier agreed upon by the parties, to a title company to hold in escrow for delivery to Kaplan upon Kaplan's delivery to the title company of the original note marked "paid in full." On September 14, the appellant retrieved the deed from the title company and sold the property to another.
We agree with the trial court that such a deposit by the appellant does not constitute tender of payment. A closely analogous factual situation gave rise to the litigation in Baucum v. Great American Insurance Co., supra. In Baucum, an insurance company attempted a tender, in order to stop the running of interest, by depositing a draft and a release with the district clerk, with instructions to the clerk to release the draft to Baucum upon the clerk's receipt of Baucum's notarized signature on the release. The Supreme Court of Texas held that no tender was made.
The draft was not received by the clerk in his official capacity but rather as the agent of the insurer to deliver the check to Baucum when called for and the proper release had been executed. At any time before this should occur, it would be the clerk's obligation to deliver the papers back to the insured's attorney upon request. . . . The principal reason why the delivery of the check to the clerk falls short of a compliance with the terms of the policy is that it has never been actually tendered to Baucum or his attorneys.
Baucum, 370 S.W.2d at 866.
The party maintaining that a tender occurred must relinquish possession for a sufficient time and under such circumstances to enable the person owed, without special effort on his part, to acquire its possession. Baucum, 370 S.W.2d at 866; Universal Credit Co. v. Cole, 146 S.W.2d 222 (Tex.Civ.App.Amarillo 1940, no writ). The burden of proving a valid tender is on the party asserting it. C.F. Bean Corp. v. Rodriguez, 583 S.W.2d 900 (Tex.Civ.App. Corpus Christi 1979, no writ).
Appellant did not meet his burden of proving that a tender was made. He failed to prove that his conduct comported with the agreement of the parties, or, conversely, that the parties agreed to the conditional delivery to the title company subject to its receipt of the original note marked paid in full prior to September 14.
Appellant's first and second points of error are overruled.
By his third point of error, appellant alleges that the trial court erred in reinstating *785 this case on the active docket of the trial court, after having notified the parties of its intention to dismiss for want of prosecution within thirty days of the notice. See Tex.R.Civ.P. 165a.
The trial judge gave notice to the parties of his intention to dismiss for want of prosecution within thirty days on November 8, 1985. The plaintiff below, Kaplan, opposed the motion and filed a pleading entitled "Motion to Reinstate" on November 21, although the case had not been dismissed. A hearing was held on the respective motions on January 10, 1986, and as a result of the hearing, the case was set for trial on the merits for February 21, 1986. At no time did the trial judge dismiss the action and later reinstate it.
Appellants' complaint is that the court failed to dismiss the action for want of prosecution. The dismissal or refusal to dismiss an action for want of prosecution is directed to the sound discretion of the trial judge, and his action will be reversed only upon a showing of an abuse of such discretion. Clark v. Turner, 505 S.W.2d 941 (Tex.Civ.App.Amarillo, 1974, no writ). After carefully reviewing the record, we are convinced that the trial judge did not abuse his discretion. Appellant's third point of error is overruled.
By his first and second cross-points of error, appellee contends that the trial court erred in not ruling that the second note replaced the first, which ruling would have terminated the usury penalties and would have waived appellant's claim that the first note remained in effect after May 12, 1981.
Appellant prepared a second note after the original had matured. The new note was for the same amount, $65,000.00, but provided for interest at ten percent. It was sent to the creditor, Kaplan, who changed the interest rate from ten to fifteen percent per annum and included a provision for a consent judgment to be entered if appellant defaulted. The new note, so changed, was not signed or agreed to by both parties.
An acceptance must not change or qualify the terms of the offer. If it does, the offer is rejected. United Concrete Pipe Corp. v. Spin-Line Co., 430 S.W.2d 360, 364 (Tex.1968). The changes made by appellee would constitute a counteroffer which, in turn, must be accepted by the appellant. Id; UTL Corp. v. Marcus, 589 S.W.2d 782, 784 (Tex.Civ.App. Dallas 1979, no writ). We find no evidence that appellant ever accepted this counteroffer. The trial court did not err in not ruling that the second note took the place of the first note. Appellee's first and second cross-points of error are overruled.
By his third cross-point of error, Kaplan asserts that the trial court should have found that Arguelles was estopped from raising the defense of usury.
Kaplan does not claim the rate of interest charged was not usurious. Rather, he claims that Arguelles is equitably estopped from asserting usury because the attorney for Arguelles prepared the usurious note.
Kaplan pled equitable estoppel as an affirmative defense. The burden of proof was therefore upon him to prove the elements of that defense. A finding of equitable estoppel generally requires a showing of: 1) a false representation or concealment of material facts, 2) made with either actual or constructive knowledge of those facts, 3) to a person without knowledge of those facts, 4) with the intention they be acted upon, and 5) reliance to the party's detriment. Echols v. Bloom, 485 S.W.2d 798 (Tex.Civ.App.Houston [14th Dist.] 1972, writ ref'd n.r.e.). Equitable estoppel is ordinarily not available as a defense to a usury claim. Miro v. Allied Finance Co., 650 S.W.2d 938, 944 (Tex. App.Houston [14th Dist.] 1983, no writ); see Miller v. First State Bank, 551 S.W.2d 89 (Tex.Civ.App.Fort Worth 1977), modified and aff'd, 563 S.W.2d 572 (Tex.1978). However, a party may not claim usury when he has participated in the deception of the lender. Miro v. Allied Finance Co., 650 S.W.2d at 944. In Miro, the court held that a borrower may not assert a subterfuge of its own making to establish usury without proof that the lender participated in or had actual knowledge of the subterfuge. Id.
*786 Kaplan presented testimony at trial that Arguelles' attorney prepared the usurious note and it was Arguelles and his attorney who decided that the note have a fifteen percent interest rate. He knew that he was not being represented by Arguelles' attorney in this transaction. He did not pay the attorney to represent him. The evidence showed that, at the time of the transaction in question, Kaplan was a licensed Michigan attorney who had significant experience. He said he was not concerned with the interest rate on the note, but was concerned about the security for his $65,000.00. He admitted that he changed the interest rate on the second note from 10% to 15%. Kaplan knew that he could have easily determined what interest rate constituted usury in Texas.
The only evidence appellant raises concerning his estoppel claim is the fact that Arguelles' attorney drafted the note. The test for usury does not concern which party might have originated the usurious provisions, once the terms of the parties' negotiations have been reduced to writing in the form of a compulsory contract. Tanner Development Co. v. Ferguson, 561 S.W.2d 777 (Tex.1977). Even though Arguelles may have originated the usurious provisions, it was clearly Kaplan who was attempting to enforce them. Kaplan did not prove his affirmative defense as a matter of law. The trial court was within its discretion, based upon the facts before him, to deny the estoppel claim.
Appellee's fourth cross-point of error alleges that the trial court erred in failing to hold that the note ceased to be usurious on May 8, 1981, when the statutory usury rate increased to eighteen percent (18%) per annum.
It is a settled rule of law that the question of usury is determined at the time of the inception of the contract. Reagan v. City National Bank, N.A., 714 S.W.2d 425, 428 (Tex.App.Eastland 1986, writ ref'd n.r.e.); Southwestern Investment Co. v. Hockley County Seed & Delinting, Inc., 511 S.W.2d 724 (Tex.Civ.App.Amarillo), writ ref'd n.r.e. per curiam, 516 S.W.2d 136 (Tex.1974). Thus, any subsequent change in the permissible interest rate cannot change the fact that the parties contracted for a usurious interest rate. Appellee's fourth cross-point of error is overruled.
By his fifth and final cross-point of error, appellee complains that the trial court's failure to award him attorney's fees was an abuse of discretion.
Appellee asserted the right to recover attorney's fees under Tex.Civ.Prac. & Rems.Code Ann. § 38.001 (Vernon 1986), which provides that a person may recover reasonable attorney's fees on claims for a written contract. Appellant asserted the right to attorney's fees under Tex.Rev.Civ. Stat.Ann. art. 5069-1.06 (Vernon 1987), which provides that a person who contracts for, charges, or receives usurious interest shall be assessed a statutory penalty and reasonable attorney's fees fixed by the court. Both sides produced evidence that the attorney's fees incurred by each of them was approximately $6,000.00.
An award of attorney's fees to a plaintiff recovering on a valid claim founded on a written or oral contract, preceded by proper presentment, is mandatory. Caldwell & Hurst v. Myers, 714 S.W.2d 63 (Tex.App.Houston [14th Dist.] 1986, writ ref'd n.r.e.); Gerdes v. Mustang Exploration Co., 666 S.W.2d 640 (Tex.App.Corpus Christi 1984, no writ); Kimbrough v. Fox, 631 S.W.2d 606 (Tex.App.Fort Worth 1982, no writ); Karol v. Presidio Enterprises, Inc., 622 S.W.2d 638 (Tex. App.Austin 1981, no writ).
The written promissory note in this case allowed for the payment of reasonable attorney's fees in the event that the debtor's default required collection efforts. The final judgment is silent regarding attorney's fees. However, in its findings of fact, the court concluded that since both parties were entitled to some relief, the court would not award either party attorney's fees.
The Supreme Court has clearly said that attorney's fees are recoverable for prosecuting a just claim, even though the amount of the claim is entirely offset *787 by an opposing party's claim. McKinley v. Drozd, 685 S.W.2d 7 (Tex.1985). The trial court found that Kaplan should recover on his contract with Arguelles for $42,804.81, which took into account an offset of $44,085.60, because of usurious interest charged. Kaplan clearly recovered on his contract even though part of his recovery was offset. Kaplan is therefore entitled to attorney's fees. Appellee's fifth cross-point of error is sustained.
Arguelles does not raise by point of error his entitlement to attorney's fees under the usury statute. The trial court in this case denied attorney's fees without finding any sum was reasonable or necessary. In Texas, the award of any attorney's fees is a fact issue which must be passed upon by the trial court. International Security Life Insurance Company v. Spray, 468 S.W.2d 347 (Tex.1971); Kelso v. Reliable Life Insurance Co., 660 S.W.2d 589 (Tex.App.Corpus Christi 1983, writ ref'd n.r.e.). Since no determination has been made by the trial court as to amount, reasonableness, or their necessity, we remand the case to the trial court for a determination of reasonable attorney's fees to be awarded Kaplan's attorney. See Harry Hines Medical Center v. Wilson, 656 S.W.2d 598 (Tex.App.Dallas 1983, no writ). The case is remanded to the trial court for a determination of Kaplan's attorney's fees. The judgment of the trial court is otherwise affirmed.
NYE, Chief Justice, dissenting.
I respectfully dissent. The majority and I agree that an award of attorney fees to appellee is mandatory. The majority would reverse that part of the judgment that denies attorney fees and remand for another trial on that issue with ultimately a possible second appeal.
The amount of appellee's reasonable and necessary attorney's fees was proved and was not challenged at trial. The amount is undisputed here on appeal: $6,014.21. "[W]here the testimony of a witness, even an interested one, is clear, direct, positive, and uncontradicted by any other witness or attendant circumstances, it is taken as true as a matter of law." Sandoval v. Hartford Casualty Insurance Co., 653 S.W.2d 604, 607 (Tex.App.Amarillo 1983, no writ). Where, as here, the reasonableness, the amount and necessity of attorney's fees are established without dispute, it is our duty to reform the judgment to reflect such amount. See Industrial Disposal Supply Co. v. Perryman Brothers Trash Service, Inc., 664 S.W.2d 756, 761 (Tex. App.San Antonio 1983, writ ref'd n.r.e.).
Old Rule 434 T.R.C.P. and now rule 80(a) Tex.R.App.P. authorizes as well as requires us to reform the judgment and ... "render the judgment or decree that the court below should have rendered ..." As such, I would reform the judgment to add $6,014.21 as attorney fees to appellee Leonard S. Kaplan's judgment and as reformed, would affirm the judgment of the trial court.