828 P.2d 412

Jack E. BROWN and Cyril Wagner,
Jr., Plaintiffs–Appellants and
Cross–Appellees,

v.

FINANCIAL SAVINGS, a Texas
corporation, Defendant–Appellee
and Cross–Appellant.

No. 20079.

Supreme Court of New Mexico.

April 3, 1992.

Kemp, Smith, Duncan & Hammond, P.C., John P. Eastham, William Panagakos, Albuquerque, for appellants.

Butt, Thornton & Baehr, P.C., Rodney L. Schlagel, Emily A. Franke, Albuquerque, Newsom, Terry & Newsom, R. Kirk Newsom, Dallas, Tex., for appellee.

## OPINION

FROST, Justice.

The motion for rehearing having been filed, the motion is hereby denied and the opinion filed March 5, 1992 is hereby withdrawn and this opinion filed this date is substituted.

The issue presented in this contract case is whether the relevant promissory note, deed of trust, and guaranty authorized the borrower, prior to maturity of the note, to tender real estate securing the note instead of currency to extinguish the obligation. The district court, on motions for summary judgment by both parties, found in favor of Financial Savings (lender) and dismissed with prejudice the complaint filed by Jack E. Brown and Cyril Wagner, Jr. (borrower).[1] We affirm.

In December 1985, borrower and lender executed a five-year real estate lien promissory note for $4 million plus interest, a deed of trust, and a guaranty in which borrower only guaranteed payment of interest accruing on the note and certain costs, and lender agreed not to look to borrower for payment of the principal. The note generally provided for monthly interest-only payments during the five-year period. Upon maturity, all outstanding principal balance plus any unpaid interest was due. Lender expressly agreed in the deed of trust and note to look solely to the property for satisfaction of the principal

---

1. The maker of the note and grantor in the deed of trust was Wagner & Brown, a Texas general partnership, of which Jack E. Brown and Cyril Wagner, Jr. were partners.

debt rather than take a personal judgment against borrower.[2]

In October 1990, borrower transferred its interest in the property to Albuquerque Commons Partnership, of which borrower was the managing general partner. On November 16, 1990, Albuquerque Commons tendered a special warranty deed to the property, along with other pertinent documents, to a trustee for lender with $24,986.30 representing all interest due under the note through November 19, 1990. Lender rejected the tender. Several weeks later Albuquerque Commons tendered to lender a special warranty deed to the property, along with other relevant documents, and all interest due through the date of maturity of the note, December 23, 1990, which lender also rejected. Borrower immediately filed this suit seeking a declaratory judgment contending that the tender of the property "satisf[ied] in full the outstanding principal balance of the indebtedness, in the most direct and expedient way that they could," and that all obligations under the note, deed of trust, and guaranty were terminated.

The district court, finding no genuine issues of material fact (as admitted in each parties' motions), held as a matter of law that the note, deed of trust, and guaranty did not authorize the tender of real estate securing the note and accrued interest in satisfaction of the debt. *See* SCRA 1986, 1–056(C) (Cum.Supp.1991) (summary judgment shall be rendered if pleadings, depositions, answers to interrogatories and admissions on file, together with any affi-

davits, show no genuine issue of material fact and that movant is entitled to judgment as matter of law). In affirming the summary judgment, we note, as did the district court, that all documents are construed together in determining the rights and liabilities of the parties.[3] *Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324 (Tex.1984) (in construing contract to ascertain entire agreement between parties, separate documents executed at same time, for same purpose, and in course of same transaction, are construed together). Moreover, we agree with the court's finding that the note, deed of trust, and guaranty are clear and unambiguous, and must be enforced as written. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983) (written instrument that can be given certain or definite legal meaning or interpretation is not ambiguous and court will construe contract as matter of law). The language of the contract must be given its plain, grammatical meaning unless it appears that the intention of the parties would be defeated. *Reilly v. Rangers Management, Inc.*, 727 S.W.2d 527, 529 (Tex.1987).

Borrower claims the district court's decision to limit proper tender only to payment in currency is not grounded in the language of any of the documents, nor was such restriction contemplated by the parties when lender agreed to look solely to the property for satisfaction of the debt principal. Borrower contends that the note, deed of trust, and guaranty anticipate that the principal may be satisfied in one of two ways—either by tendering $4 million or by tendering the property. Citing

---

**2.** The relevant portions of the documents which reflect the agreement of the parties are as follows: The deed of trust provides:

No deficiency or other personal judgment shall ever be awarded or taken against Grantor for the indebtedness represented hereby or any part thereof, except for interest on the Note and certain costs as provided in express Guaranty * * *. Beneficiary hereby agrees to look for satisfaction of all such indebtedness and obligations solely to the property now or hereafter mortgaged, pledged or otherwise expressly granted as security therefor.

The promissory note further provides:

No deficiency or other personal judgment shall ever be awarded or taken against Maker

for the indebtedness represented hereby, or any part thereof, except the interest hereon and certain costs in relation thereto which are expressly guaranteed by Guaranty * * *. Payee hereby agrees to look for satisfaction of all such indebtedness and obligations solely to the property now or hereafter mortgaged, pledged or otherwise expressly granted as security therefor.

The guaranty states: "It is expressly understood and agreed that Guarantors shall not be liable, nor is Borrower personally liable, for payment of the principal of the Note * * *."

**3.** Texas law applies to this case pursuant to provisions in the note, the deed of trust, and the guaranty.

*Arguelles v. Kaplan,* 736 S.W.2d 782 (Tex. Ct.App.1987), borrower claims payment in a medium other than currency was a valid legal tender that satisfied the obligation under the note. In *Arguelles,* however, the court found that the parties agreed to accept a deed to land in lieu of payment in satisfaction of the debt.

■ Lender maintains the nonrecourse provisions do not authorize borrower to tender property to extinguish the obligation, but only limit the remedies lender can pursue against the defaulting borrower to recover the principal indebtedness due under the note, *i.e.,* the provisions are nonrecourse only as against borrower on the principal amount. Lender points out that it never sought to take a deficiency or personal judgment against borrower; rather borrower, prior to the maturity date, unilaterally attempted tender of the property securing the note plus accrued interest in satisfaction of the debt.

Under Texas law cited previously, the unambiguous nonrecourse provisions are to be enforced as written. Pursuant to the non-recourse clause in the note and deed of trust, borrower "incurred no personal liability for payment on the note * * * [and lender] agreed to look only to the property securing the note for satisfaction of the default under the note." *See Schultz v. Weaver,* 780 S.W.2d 323, 325 (Tex.Ct.App. 1989) (construing similarly-worded clause). While *Arguelles* states the general rule that "[a]bsent an agreement to the contrary, tender of payment in a medium other than provided in the note will not constitute valid legal tender," 736 S.W.2d at 784, the record before this court contains no evidence of an agreement to the contrary, nor does borrower direct us to evidence other

than the language in the documents to support the contention.

A tender is an unconditional offer by a borrower to pay "in current coin of the realm" a sum not less than the amount due on a specific debt. *Fillion v. David Silvers Co.,* 709 S.W.2d 240, 246 (Tex.Ct.App. 1986). To require the maker of a promissory note, in the absence of a specific agreement otherwise, to pay the note in "money" is consistent with the demands of modern commercial practice.[4] To hold otherwise would introduce an unacceptable degree of uncertainty and confusion to lending transactions. Acceptance of borrower's argument would be to read terms out of the deed of trust regarding remedies available to lender upon default. Therefore, the tender of property by borrower was a tender in a different medium not agreed to by the parties, and, as such, improper to satisfy the obligation under the note. Accordingly, the district court correctly found as a matter of law: "The Note, Deed of Trust and Guaranty do not authorize the tender of the real estate and accrued interest in satisfaction of the debt under the Note and Guaranty."

Based upon the above, the judgment of the district court is affirmed. The result reached makes it unnecessary to address issues raised in the cross-appeal.

IT IS SO ORDERED.

BACA and FRANCHINI, JJ., concur.

---

**4.** Both Texas and New Mexico have adopted the Uniform Commercial Code, which defines "money" as "a medium of exchange authorized or adopted by a domestic or foreign government as a part of its currency." Tex.Bus. and Com. Code Ann. § 1.201(24) (West 1968) and NMSA 1978, § 55–1–201(24) (Cum.Supp.1991). Although New Mexico case law has not addressed the issue presented in this matter, given the same circumstances, we fail to see why the rationale expressed herein would not be applicable.