Benjmain Robert Bush Jr. v. Texas First State Bank
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-006-CV

     BENJAMIN ROBERT BUSH, JR.,
                                                                         Appellant
     v.

     TEXAS FIRST STATE BANK,
                                                                         Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 2001-1164-3
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      This appeal is about a suit on a promissory note. Benjamin Robert Bush, Jr. purchased a
vehicle with financing from Texas First State Bank. Bush signed a promissory note, and the
vehicle was pledged as collateral when Bush signed a security agreement. Bush defaulted on the
note, and the Bank repossessed the vehicle and sold it. After the sale, a deficiency of about
$15,000 remained on the debt. The Bank sued Bush for this amount. The case was tried to the
bench; Bush represented himself. The court found for the Bank and rendered judgment for
approximately $23,000 which included attorney’s fees.
      The facts recited above were undisputed at trial. Bush’s only defense (and the basis of his
complaint on appeal) was that the day before trial, he unilaterally drafted, executed, and served
on the Bank what he entitled a “Promissory Note” which read: “I promise to pay to the order of
Texas First State Bank, 4900 Sanger Avenue, Waco, Texas, the amount of Twenty-six thousand
nine-hundred fifty-eight & 8/100 Dollars.” He argued that by executing this note and serving it
on the Bank, he had discharged the original debt which was the basis of the lawsuit.
      As the Bank points out, the promissory note called for payment “in lawful money of the
United States of America.” “Money” is defined in the Business and Commerce Code: “‘Money’
means a medium of exchange authorized or adopted by a domestic or foreign government and
includes a monetary unit of account established by an intergovernmental organization or by
agreement between two or more nations.” Tex. Bus. & Com. Code Ann. § 1.201(24) (Vernon
Supp. 2002). Therefore, tendering the unilateral note was not a valid satisfaction of the terms of
the note. Arguelles v. Kaplan, 736 S.W.2d 782, 784 (Tex. App.—Corpus Christi 1987, writ ref’d
n.r.e.); Fillion v. David Silvers Co., 709 S.W.2d 240, 246-47 (Tex. App.—Houston [14th Dist.]
1986, writ ref’d n.r.e.). And there was no evidence that the parties entered into a modification
of the original note which would allow for tender of the unilateral note in satisfaction of the
original debt.


 Travelers Ins. Co. v. Bosler, 906 S.W.2d 635, 643 (Tex. App.—Fort Worth
1995), judgm’t vacated on other grounds, 938 S.W.2d 716 (Tex. 1997); Arguelles, 736 S.W.2d
at 784; Fillion, 709 S.W.2d at 246-47.
      The fallacy in Bush’s argument is apparent from the fact that its logical extension is that he
could continue to avoid payment simply by executing a series of unilateral notes. We overrule
Bush’s complaint and affirm the judgment.


                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 31, 2002
Do not publish
[CV06]