This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CAROL J. BLANCH and**
**ROBERT J. BLANCH,**

     Plaintiffs-Appellants,

v.                                                                                        **NO. 33,918**

**CUSTOM PLUMBING & HEATING**
**CO., LLC,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Robert J. Blanch
Albuquerque, NM

for Appellants

Custom Plumbing & Heating, Co., LLC
Albuquerque, NM

Pro Se Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Plaintiffs appeal from the district court's affirmance of the metropolitan court's determination that Defendant Custom Plumbing & Heating did not commit a breach of contract. This Court issued a calendar notice proposing to affirm. Plaintiffs have filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In this Court's calendar notice, we proposed to conclude that, given that the existence of the contract and its terms were in dispute, there was a factual question for the metropolitan court. *See Eckhardt v. Charter Hosp. of Albuquerque, Inc.*, 1998-NMCA-017, ¶ 39, 124 N.M. 549, 953 P.2d 722 ("When the existence of a contract is at issue and the evidence is conflicting or permits more than one inference, it is for the finder of fact to determine whether the contract did in fact exist." (alteration, internal quotation marks, and citation omitted)). Further, we proposed to conclude that, based on the evidence presented, there was sufficient evidence to support the metropolitan court's determination that the "full inspection" agreed upon was limited to the HVAC units. [CN 2, 5]

{3}     In response, Plaintiffs contend that this Court improperly assumed that the metropolitan court found an ambiguity, and therefore applied the incorrect standard of review. [MIO 3-4] Plaintiffs contend that, absent the metropolitan court

determining that an ambiguity exists, the correct standard of review is de novo. [MIO 3-4] We disagree.

{4}     We acknowledge that written instruments such as notes, deeds of trust, and guarantees that are clear and unambiguous must be enforced as written. *Brown v. Fin. Sav.*, 1992-NMSC-025, ¶ 5, 113 N.M. 500, 828 P.2d 412. Our standard of review in that context is de novo. *See Smith & Marrs, Inc. v. Osborn*, 2008-NMCA-043, ¶ 10, 143 N.M. 684, 180 P.3d 1183 ("We review a district court's interpretation of an unambiguous contract de novo[.]" (internal quotation marks and citation omitted)). However, what Plaintiffs rely on is a letter that Defendant drafted that Plaintiffs contend "embodies the terms of the contract." [MIO 4] It is not a written agreement that contains the requirements of a legally enforceable contract. *See Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶ 7, 115 N.M. 665, 857 P.2d 776 ("Ordinarily, to be legally enforceable, a contract must be factually supported by an offer, an acceptance, consideration, and mutual assent."). Rather, it is a memorialization of the work completed and evidence of an unwritten agreement. Accordingly, it is part of what the metropolitan court reviewed in determining the terms of the agreement reached; a determination that is not subject to de novo review. *See ConocoPhillips Co.v. Lyons*, 2013-NMSC-009, ¶ 10, 299 P.3d 844 ("If the proffered evidence of surrounding facts and circumstances is in dispute, turns on witness credibility, or is

3

susceptible of conflicting inferences, the meaning must be resolved by the appropriate fact-finder." (alteration, internal quotation marks, and citation omitted)).

**{5}** Plaintiffs also contend that the metropolitan court's decision is not entitled to deference because it is not supported by substantial evidence. In this Court's calendar notice, we summarized testimony by Defendant that supported the metropolitan court's conclusion that the agreement was limited to inspection of the HVAC units. [CN 4] Plaintiffs challenge the district court's reliance on Defendant's testimony by arguing that consideration of Defendant's testimony is in violation of the parol evidence rule. However, given the lack of a fully integrated, written agreement, Plaintiffs' argument is inapposite. *See Drink Inc. v. Martinez*, 1976-NMSC-053, ¶ 8, 89 N.M. 662, 556 P.2d 348 ("As a general rule, parol evidence will not be allowed to change the terms of an integrated, written agreement. However, parol evidence may always be introduced to establish that the document is not the true agreement of the parties—that in fact there was no meeting of the minds; that, by reason of mistake, there was no consent to the apparent agreement." (citation omitted)). Moreover, to the extent Plaintiffs contend that there is insufficient evidence to support the metropolitan court's determination because the judge relied on irrelevant personal experience regarding building codes, we note that the comments excerpted by Plaintiffs do not actually pertain to the HVAC units themselves. [MIO 8-9] Rather, the comments

4

excerpted by Plaintiffs relate to the ductwork and whether someone inspecting the ductwork should have suggested modifications or repairs. Because the metropolitan court ultimately concluded that the "limited scope of the contract" did not extend to the ductwork, these contentions do not appear to have affected the metropolitan court's decision. As such, we conclude that Plaintiffs' have failed to demonstrate reversible error in this regard. *See Erica, Inc. v. N.M. Regulation & Licensing Dep't*, 2008-NMCA-065, ¶ 24, 144 N.M. 132, 184 P.3d 444 ("On appeal, error will not be corrected if it will not change the result." (internal quotation marks and citation omitted)).

{6}     Accordingly, for the reasons explained above and in this Court's notice of proposed disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**LINDA M. VANZI, Judge**