

NUMBER 13-15-00525-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHORES AG-AIR, INC.,                                                        Appellant,

v.

MPH PRODUCTION COMPANY,                                              Appellee.

**On appeal from the County Court at Law No. 2
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Shores Ag-Air, Inc. ("Shores") filed suit against appellee MPH Production Company ("MPH") for breach of contract. MPH filed a traditional motion for summary judgment. The trial court granted MPH's motion for summary judgment but nonetheless granted Shores attorney's fees and court costs. In a single issue on appeal, Shores

argues that the trial court erred in granting MPH's motion for summary judgment. We reverse and remand.

## I. BACKGROUND

In 2007, Shores and MPH entered into an oral barter agreement in which Shores agreed to provide flight services in exchange for mineral interests owned by MPH. The contract was never reduced to writing. According to a running tally kept by the parties, as of the end of 2011, the value of the flight services provided by Shores exceeded the value of oil and gas properties conveyed by MPH by an amount of $53,526.13.

In 2013, Edward Shores, the owner of Ag-Air Shores, sent a text message to Robert Davis, the owner of MPH, stating that he wanted money instead of mineral interests as payment. In 2014, Shores sued MPH for breach of contract to receive the remaining balance. In 2015, sixteen months later, MPH sent Shores a conveyance of mineral and royalty interests, transferring to Edward and Brandalyn Shores fractional mineral interests in several properties in Johnson County, in an attempt to fully pay the debt. However, Shores rejected the offer.

MPH moved for summary judgment based on the defense of tender and the statute of frauds. The trial court granted the summary judgment "in all things" but awarded Shores attorney's fees and courts costs. This appeal followed.[1]

## II. MOTION FOR SUMMARY JUDGMENT

In its only issue on appeal, Shores argues that it was an error for the trial court to grant the summary judgment in favor of MPH. By six sub-issues, Shores argues that it

---

[1] Shores argues, and MPH admits, that the trial court must have implicitly overruled MPH's statute of fraud defense because the relief granted only makes sense if the trial court's order was based on the tender defense. In any event, MPH has abandoned its statute of frauds defense on appeal, and we will not address it.

was improper to grant the summary judgment because: (1) MPH could only satisfy the outstanding debt with money, not by a mineral conveyance; (2) MPH did not prove that the conveyance was at least equal to the amount of the debt; (3) MPH did not provide any evidence regarding the value of the mineral interest conveyed; (4) MPH's conveyance did not cover the interest due on its debt; (5) MPH did not convey the mineral interest to Shores Ag-Air, Inc.; and (6) MPH did not make an unconditional tender.

## A.    Standard of Review

In a traditional motion for summary judgment, the movant has the burden to show both that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Thus, a party moving for traditional summary judgment has the burden to conclusively prove its affirmative defense. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Tender is an affirmative defense. *See Church v. Rodriguez*, 767 S.W.2d 898, 901 (Tex. App.—Corpus Christi 1989, no writ). The respondent bears the burden of producing evidence to raise a fact issue concerning matters in avoidance of an affirmative defense. *American Petrofina v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994). "The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence." *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We review summary judgments *de novo*. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

**B.      Sub-Issue One:  The Coin of the Realm**

In its first sub-issue, Shores argues that a belated offer of mineral interests instead of a cash payment was an improper tender by MPH.  Tender, absent an agreement to the contrary, requires an unconditional offer to pay, in cash, a sum not less than the amount of the debt.  *See Arguelles v. Kaplan*, 736 S.W.2d 782, 784 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.).  However, tender does not necessarily have to consist of a cash payment; parties can agree to another medium of exchange.  *See id.*  Thus, tender will be proper as long as it is tendered in the correct "coin of the realm."  *See id.*; *see also Pavlow v. Jensen*, No. 14-04-00750-CV, 2005 WL 3310015, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2005, no pet.) (mem. op.).

In the present case, there is no written agreement to dictate the proper medium of exchange.  However, both parties agree that in the original oral contract, the medium of exchange was mineral interests, not cash.  Shores argues that the parties agreed to modify their contract and alter the medium of exchange.  *See Mid Plains Reeves, Inc. v. Farmland Indus., Inc.*, 768 S.W.2d 318, 321 (Tex. App.—El Paso 1989, writ denied) (observing that parties may agree to alter their contract).  As evidence of this, Shores points out that in 2011, MPH wrote a check to Shores as a payment for Shores's flight services.  In addition, Shores believes that the text message sent to MPH in 2013 requesting payments to be made in cash, not mineral interests, creates a fact issue that the medium of exchange had been altered.  Based on the text message, the payment made by check, and the fact that there is no written contract to dictate the medium of exchange, we agree that Shores at least raised a genuine issue of fact that a tender of

4

mineral interests was not proper because fair-minded jurors could differ in their conclusions in light of all the evidence. *See Transcon. Ins. Co.*, 321 S.W.3d at 692.

**C.    Sub-Issue Two:  Value of the Tender**

However, assuming without deciding that MPH demonstrated as a matter of law that mineral interests were the proper "coin of the realm," Shores next argues that MPH offered no valid evidence that the value of the tender was at least equal to the amount of the debt.  MPH responds by arguing that it only had to prove the "fact" that it provided tender; it was Shores's burden to dispute the adequacy of the tender.  To the contrary, it was MPH's burden to prove all elements of its affirmative defense of tender.  *See Cantey*, 467 S.W.3d at 481; *Church*, 767 S.W.2d at 901.  One of the elements of the affirmative defense of tender is proof that the amount of the tender is not less than the total amount of the debt.  *See Arguelles*, 736 S.W.2d at 784.

To support the proposition that the tender was not less than the value of the debt owed, MPH provided affidavits:  one from MPH's attorney and one from Davis, MPH's owner.  Shores objected to both.  Davis's affidavit simply stated he sent a letter conveying the interest to Shores and that the conveyance had not been returned.  Shores argues that this provides no basis for the value of the tender.  The attorney's affidavit asserted that the mineral interests would pay off the debt within eighteen years.  Shores complains there is no proof that the attorney has personal knowledge of these assertions.  The attorney's affidavit included e-mails from one Chris Atherton and a chart showing that the minerals interests conveyed would generate enough income to pay off the debt over the course of the next eighteen years, based on the average income generated in a three-month window from the mineral interests.  Shores asserts that the e-mails by Atherton do

5

not explain his involvement in the case, who Atherton is, or any basis for his estimation of the value of the mineral interests. Shores further argues that MPH did not show that the chart was made by an individual with personal knowledge of the information within it nor was it made under oath. As such, Shores argues that these affidavits are insufficient to show the truthfulness of the content therein. *See Villacana v. Campbell*, 929 S.W.2d 69, 74 (Tex. App.—Corpus Christi 1996, writ denied) (observing that an affidavit offered in connection with a motion for summary judgment must affirmatively show how the affiant became personally familiar with the facts so as to be able to testify). MPH even concedes on appeal that the value of the tender "will always be inherently a question of fact." Based on the affidavits provided and MPH's own concession, we find that there is an issue of fact on the value of the tender. Because there is a question of fact regarding the value of the tender, MPH could not have conclusively proven its affirmative defense as a matter of law. *See Cantey*, 467 S.W.3d at 481.

**D.    Summary**

We conclude that Shores met its burden in at least raising a genuine issue of fact concerning MPH's affirmative defense of tender. *See American Petrofina*, 887 S.W.2d at 830; *Transcon. Ins. Co.*, 321 S.W.3d at 692. Accordingly, MPH was not entitled to judgment as a matter of law because it did not conclusively prove each element of its affirmative defense. *See Cantey*, 467 S.W.3d at 481. Therefore, it was an error to grant MPH's summary judgment.[2] We sustain Shores's sole issue.

---

[2] Having found that at least one genuine issue of material fact exists and that summary judgment was improper, we need not address Shores's remaining sub-issues. *See* TEX. R. APP. P. 47.1.

## III. CONCLUSION

We reverse the trial court's order granting MPH's summary judgment and remand to the trial court for further proceedings in accordance with this opinion.

Nora L. Longoria
Justice

Delivered and filed the
19th day of May, 2016.